**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **ASIM KHAN,** | |
| *Plaintiff*, | |
| **v.** | **Civil Action No. 21-3157** |
| **ZORT, INC., AND ADAM IZA,** | |
| *Defendants*. | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE, OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**

COME NOW, Defendants Zort, Inc. ("Zort") and Adam Iza ("Mr. Iza") (collectively, "Defendants") who file this Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Motions") pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404 and 1406, and would respectfully show the Court as follows:

**I.      INTRODUCTION**

1.      This Court should dismiss Plaintiff's case against Defendants because this Court lacks personal jurisdiction over Defendants and Plaintiff filed this case in an improper venue.  In the alternative, this Court should transfer this case to the United States District Court for the Central District of California.

**Page 1 of 5**

## II.      MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

2.      Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over the defendant. *Blakley v. Pizza*, No. 4:20-CV-02962, 2021 WL 1206420, at *1 (S.D. Tex. Jan. 12, 2021).

3.      This Court's exercise of personal jurisdiction over Defendants will violate due process because (1) Defendants do not have minimum contacts with Texas, and (2) maintaining this suit in Texas will offend traditional notions of fair play and substantial justice. *See id.* at *2 (citing *Zoch v. Magna Seating (Ger.) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020)).

4.      This Motion to Dismiss should be granted because Plaintiff has not pled any facts that would support this Court's exercise of personal jurisdiction over Defendants. *See* Plaintiff's Original Complaint ¶¶ 10-19. To the contrary, and as more fully set forth in the attached Declarations and Memorandum in Support of this Motion to Dismiss, this Honorable Court lacks personal jurisdiction over nonresident Defendants, and Defendants move for dismissal of Plaintiff's claims and causes of action because: (1) Defendants are not, and have never been, domiciled in Texas; (2) Defendants' residence and/or principal place of business is not in Texas; (3) Defendants do not have an office or solicit any business in Texas; (4) Zort is not registered to do business in Texas and does not maintain a registered agent for service in Texas; (5) Defendants do not own any property or hold any bank accounts or other assets in Texas; (6) Defendants do not have any employees in Texas; (7) Defendants do not have a Texas telephone number; (8) no meetings between Plaintiff and Defendants occurred in Texas; (9) Defendants never traveled to Texas to meet with Plaintiff, and Defendants have not traveled to Texas for any purported business purpose at issue before this Court; and (10) the alleged activities giving rise to this action did not take place in and were not directed at Texas. *See* Declaration in Support of

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Dec.") of Zort and Mr. Iza, attached as Exhibits A & B.

### III.    MOTION TO DISMISS FOR IMPROPER VENUE

5.      Federal Rule of Civil Procedure 12(b)(3) requires dismissal of an action when venue is improper.

6.      To determine whether venue is proper in Texas, the general venue statute in 28 U.S.C. § 1391 controls.  It states a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3).

7.      The Southern District of Texas is clearly not the proper venue for this action.

8.      Defendants are not residents of Texas—Zort is a Delaware company with its headquarters in California, and Mr. Iza is a resident of California—and no substantial part of the events or omissions giving rise to the claim occurred in Texas. *See* Zort Dec. ¶¶ 3, 13; *see also* Mr. Iza Dec. ¶¶ 3, 15

9.      Moreover, venue is proper where Defendants are subject to the court's personal jurisdiction. As discussed above, Defendants, who are residents of the Central District of California, are not subject to personal jurisdiction in the Southern District of Texas. As a result, venue is improper in the Southern District of Texas.

## IV.    MOTION TO TRANSFER VENUE

10.    In the alternative, Defendants file this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404.

11.    Due to this Court's lack of personal jurisdiction, this case should be dismissed. However, the Court may choose to transfer this case to the United States District Court for the Central District of California.

12.    Venue is proper in the United States District Court for the Central District of California because both Defendants reside within the Central District of California. *See* Zort Dec. ¶¶ 3; *see also* Mr. Iza Dec. ¶¶ 3.  Venue is further proper in the United States District Court for the Central District of California because all, or substantially all, of the alleged events or omissions giving rise to the claim occurred there.

## V.    MEMORANDUM IN SUPPORT

13.    In support of their Motions, Defendants submit the accompanied Memorandum in support of their motions, along with the following supporting documentation:

Exhibit A – Declaration of Zort

Exhibit B – Declaration of Mr. Iza

## VI.    **PRAYER**

WHEREFORE, Defendants respectfully request this Court grant their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, grant their Motion to Transfer Venue by transferring the above-captioned lawsuit to the United States District Court for the Central District of California.

Respectfully submitted,

**GODWIN | BOWMAN** PC

_Donald E. Godwin_

**Donald E. Godwin**  (*Admitted*)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
**Morgan H. Scott** (*Admitted*)
Texas State Bar No. 24106412
MScott@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:      214.939.4412
Fax:     214.527.3112

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about the 12th day of October, 2021, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

_Donald E. Godwin_

Donald E. Godwin

**Page 5 of 5**

EXHIBIT

A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ASIM KHAN,** | |
| *Plaintiff,* | |
| **v.** | **Civil Action No. 21-3157** |
| **ZORT, INC., AND ADAM IZA,** | |
| *Defendants.* | |

## DEFENDANT ZORT, INC.'S DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

**THE STATE OF CALIFORNIA** §
§
**COUNTY OF LOS ANGELES** §

1.      I, Adam Iza, in my representative capacity for Zort, Inc. ("Zort"), make this declaration on behalf of Zort and in support of Defendants' Motion to Dismiss Plaintiff's Original Complaint (the "Complaint") for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue (the "Motion"). I am making this declaration for the sole and limited purpose of challenging the jurisdiction of the United States District Court in the Southern District of Texas. This declaration is not intended to be a waiver of any privilege or affirmative defense, including, but not limited to, the right against self-incrimination protected by the Fifth Amendment to the United State Constitution.

2.      The following facts are within my personal knowledge and, if called as a witness herein, I am able to competently testify thereto.

**DECLARATION OF ZORT, INC.**                                                                **Page 1 of 3**

3.    Zort is a Delaware company with its headquarters and principal place of business in Los Angeles, California. I am the Chief Executive Officer ("CEO") of Zort at all times relevant to this matter.

4.    Zort has never had an office in the State of Texas.

5.    Zort has never solicited business in the State of Texas.

6.    Zort is not registered to do business in the State of Texas and does not maintain a registered agent for service in the State of Texas.

7.    Zort has never owned any property or other assets in the State of Texas.

8.    Zort has never had any bank accounts in the State of Texas.

9.    Zort has never employed any employees in the State of Texas.

10.    Zort has never had a telephone number from the State of Texas.

11.    No representative of Zort has ever had any meetings with Plaintiff in the State of Texas.

12.    No representative of Zort has ever traveled to the State of Texas for any purported business purpose at issue before this Court.

13.    None of the activities alleged by Plaintiff giving rise to the Complaint took place in, or were directed at, the State of Texas. This acknowledgement is not intended to be an admission to any conduct alleged in the Complaint and I hereby reserve the right to deny any and all of Plaintiff's allegations.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

**DECLARATION OF ZORT, INC.**                                               **Page 2 of 3**

Executed this  12  day of October, 2021, in Los Angeles, Los Angeles County, California.


_____
ADAM IZA
CEO OF ZORT, INC.

**DECLARATION OF ZORT, INC.**                                                    **Page 3 of 3**

EXHIBIT

B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ASIM KHAN,** | |
| *Plaintiff*, | |
| **v.** | **Civil Action No. 21-3157** |
| **ZORT, INC., AND ADAM IZA,** | |
| *Defendants.* | |

**DEFENDANT ADAM IZA'S DECLARATION IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER**
**VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

**THE STATE OF CALIFORNIA**    §
                               §
**COUNTY OF LOS ANGELES**    §

1.    I, Adam Iza, make this declaration in support of Defendants' Motion to Dismiss Plaintiff's Original Complaint (the "Complaint") for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue (the "Motion"). I am making this declaration for the sole and limited purpose of challenging the jurisdiction of the United States District Court in the Southern District of Texas. This declaration is not intended to be a waiver of any privilege or affirmative defense, including, but not limited to, the right against self-incrimination protected by the Fifth Amendment to the United State Constitution.

2.    The following facts are within my personal knowledge and, if called as a witness herein, I am able to competently testify thereto.

3.    I am, and at all times relevant to this matter was, a resident and citizen of the State of California. My domicile is in Los Angeles, Los Angeles County, California.

**DECLARATION OF ADAM IZA**                                                Page **1** of **3**

4.      I have never lived in the State of Texas.

5.      Zort, Inc. ("Zort") is a Delaware company with its headquarters and principal place of business in Los Angeles, California. I am the Chief Executive Officer ("CEO") of Zort at all times relevant to this matter.

6.      I have never personally, or in my capacity as the CEO of Zort, had an office in the State of Texas.

7.      I have never personally, or in my capacity as the CEO of Zort, solicited business in the State of Texas.

8.      Zort is not registered to do business in the State of Texas and does not maintain a registered agent for service in the State of Texas.

9.      I have never personally, or in my capacity as the CEO of Zort, owned any property or other assets in the State of Texas.

10.     I have never personally, or in my capacity as the CEO of Zort, held any personal or business bank accounts in the State of Texas.

11.     I have never personally, or in my capacity as the CEO of Zort, employed any employees in the State of Texas.

12.     I have never personally, or in my capacity as the CEO of Zort, had a telephone number from the State of Texas.

13.     I have never personally, or in my capacity as the CEO of Zort, had any meetings with Plaintiff in the State of Texas.

14.     I have never personally, or in my capacity as the CEO of Zort, traveled to the State of Texas for any purported business purpose at issue before this Court.

**DECLARATION OF ADAM IZA**                                             Page **2** of **3**

15.    None of the activities alleged by Plaintiff giving rise to the Complaint took place in, or were directed at, the State of Texas. This acknowledgement is not intended to be an admission to any conduct alleged in the Complaint and I hereby reserve the right to deny any and all of Plaintiff's allegations.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this  12   day of October, 2021, in Los Angeles, Los Angeles County, California.

_Adam Iza_
_____
ADAM IZA

**DECLARATION OF ADAM IZA**                                                                                   Page **3** of **3**