**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Asim Khan,** | § | |
| *Plaintiff* | § | |
| | § | |
| *v.* | § | **Civil Action No. 21-3157** |
| | § | |
| **Zort, Inc., and Adam Iza,** | § | |
| *Defendants* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR,
IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

This is a case about theft by a fiduciary. Defendant Zort—a powerful crypto-currency investment firm and automated artificial intelligence trading software—stole hundreds of thousands of dollars from Plaintiff. Zort CEO Adam Iza now refuses to return the stolen money.

Defendant Adam Iza, as an agent of Defendant Zort, Inc., purposefully directed fraudulent and deceptive solicitations to Plaintiff in Houston, Texas. These purposefully directed activities by Defendants satisfy the jurisdictional and venue requirements for this Court. Plaintiff requests this Court to deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue for the reasons below.

## I. PROCEDURAL HISTORY

1.      Plaintiff filed Plaintiff's Original Complaint on September 28, 2021.

2.      Defendants filed Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Defendants' Motion") and Defendants' Memorandum in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Defendants' Memorandum") on October 12, 2021.

3.      Plaintiff filed Plaintiff's Amended Complaint on November 1, 2021.

1

4.     Plaintiff now files this response in opposition to Defendants' Motion and requests this court deny Defendant's Motion in full.

## II. UNDERLYING FACTS

5.     This case arises from purposefully directed and deceptive internet solicitations by Defendants to Plaintiff in Houston, Texas.

6.     Defendant Zort, Inc. hosts an application programming interface ("API") which utilizes an artificial intelligence algorithm to automatically buy and sell securities when linked to a client's equity account.[1] Zort's API utilized several different trading strategies, called books. The Zort API would automatically switch books based on market conditions.[2] To use Defendant Zort's API, an investor is required to pay a substantial subscription fee based on a user's trading equity.[3]

7.     In February 2020, Plaintiff Asim Khan decided to use Zort's services and ultimately paid over $275,000.00 in subscription fees.[4] Upon signing up, Zort users, such as Plaintiff, are directed to a messaging application called Telegram for use in communicating with Zort administrators.[5] Plaintiff was directed to the Zort Public Lobby Telegram group chat as well as the Zort Automated Telegram group chat after becoming a Zort user and regularly received information regarding Zort services through these group chats.[6]

8.     On September 2, 2020, Defendant Adam Iza, using the username "Zort Admin" reached out to Plaintiff in Houston, Texas to inform Plaintiff that Zort was no longer providing the API-based institutional trading services for which Plaintiff had already paid.[7] Defendant Iza represented to Plaintiff that Defendant Zort would be officially opening "Zort Fund."[8] This "Zort

---

[1] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 10 (Exhibit A).
[2] *See Id.*
[3] *See Id*.
[4] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶¶ 11-12 (Exhibit A).
[5] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶ 11 (Exhibit B).
[6] *See Id.*
[7] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 13 (Exhibit A).
[8] *See Id.*

Fund" would pool all Zort institutional investors into one account and would execute the trades on behalf of all Zort Institutional investors.[9]

9.      In the weeks following the September 2, 2020 announcement, Defendant Adam Iza continued to solicit Plaintiff's business regarding the "Zort Fund" through online messages. On September 14, 2020, Defendant Iza informed Plaintiff of the terms for entering into the "Zort Fund".[10] Plaintiff Asim Khan relied on the representations of Defendant Iza in agreeing to these terms and transferred $300,000.00 to Zort.[11]

10.      Defendants failed to send regular reports and updates on Plaintiff's investment in the months following the $300,000.00 transfer.[12] When Plaintiff contacted Defendants regarding this failure, Defendants became evasive and deflected Plaintiff's questions.[13]

11.      On April 15, 2021, Plaintiff requested that Defendants return a portion of Plaintiff's investment and/or profits.[14] Defendant Adam Iza informed Plaintiff that they could not return any of the invested funds at that time.[15] Plaintiff was appalled by this statement, as Defendant specifically informed Plaintiff in September of 2020 that Plaintiff could have the funds returned at any time.[16] Over the next few months, Plaintiff continued to renew his request for return of his investment but was met with excuses and apologies from Defendant.[17]

12.      In September of 2021, Plaintiff's suspicions came to a head when Plaintiff discovered that the individual who created Zort's trading algorithm was no longer employed by Defendant Zort.[18] Plaintiff subsequently demanded that Defendants return his entire investment,

---

[9] *See Id.*
[10] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 14 (Exhibit A).
[11] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶¶ 14-15 (Exhibit A).
[12] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 16 (Exhibit A).
[13] *See Id.*
[14] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 17 (Exhibit A).
[15] *See Id.*
[16] *See Id.*
[17] *See Id.*
[18] *See* Plaintiff's Original Complaint, September 28, 2021 at ¶ 18 (Exhibit A).

along with any profits.[19] Plaintiff's demand was denied by Defendant and Plaintiff was informed that neither Defendant Zort, Inc. nor Defendant Adam Iza would return his $300,000.00 or his $215,000.00 subscription fee.[20]

13.    Since the filing of Plaintiff's Original Complaint, Plaintiff has received information indicating that Defendant Zort does not currently have any "Zort Fund" in existence and that Plaintiff was induced to transfer over half a million dollars under false pretenses.[21]

14.    It is unclear at this time whether Defendant Adam Iza sent the false and misleading communications regarding the "Zort Fund" with, or without, the authority and consent of Defendant Zort.

### III.    ARGUMENTS AND AUTHORITIES

**a. DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE DEFENDANTS ARE SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS.**

15.    Defendants' Motion asserts that Plaintiff's Original Complaint should be dismissed pursuant to Rule 12(b)(2) because Nonresident Defendants are not subject to Personal Jurisdiction in this Court.[22] Defendants are both subject to personal jurisdiction in this Court because Defendant Zort and/or Defendant Adam Iza purposefully directed activities toward the State of Texas, Plaintiff's causes of action arise from Defendant's contact with the State of Texas, and personal jurisdiction over Defendants in this Court is reasonable and fair.

16.    When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *Blakley v. Pizza*, No. 4:20-CV-02962, 2021 WL 1206420, at *1 (S.D. Tex. Jan. 12, 2021). Unless the court holds an evidentiary hearing, the plaintiff need only establish a prima facie case of jurisdiction. *Huynh v.*

---

[19] *See Id.*
[20] *See Id.*
[21] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶ 20 (Exhibit B).
[22] *See* Defendants' Memorandum in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Vendue, or, in the Alternative, Motion to Transfer Venue, October 12, 2021 at ¶¶ 3-9 (Exhibit C).

*Zurno, Inc.*, No. 4:18-CV-01756, 2019 U.S. Dist. LEXIS 20861, at *4 (S.D. Tex. Jan. 18, 2019). The court must accept as true the uncontroverted allegations in the complaint and resolve any factual conflicts in favor of the plaintiff. *Id*. at 5.

17.     The United States Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Blakley*, 2021 WL 1206420, at *2 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal*., 137 S. Ct. 1773, 1779–80 (2017)). The exercise of specific personal jurisdiction based on the defendant's contacts with the forum through the Internet requires that the plaintiff satisfy the terms of the appropriate jurisdictional statute, and then show that the exercise of jurisdiction will not violate the Constitution." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 227 (5th Cir. 2012). Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Blakley*, 2021 WL 1206420, at *2. "This due process analysis has been refined . . . into a three-part test that seems fully applicable to jurisdiction questions generated by the new technologies: (1) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (2) Did the defendant purposely direct its activities toward the forum state or purposely avail itself of the privilege of conducting activities therein? (3) Would the exercise of personal jurisdiction over the defendant be reasonable and fair?" *Pervasive* 688 F.3d 214 at 227.

18.     As discussed below, Defendant Zort and/or Defendant Adam Iza purposefully directed activities toward the State of Texas, Plaintiff's causes of action arise from Defendant's contact with the State of Texas, and personal jurisdiction over Defendants in this Court is reasonable and fair.

i.     **DEFENDANT ZORT, INC. AND/OR DEFENDANT ADAM IZA HAVE PURPOSELY DIRECTED ACTIVITIES TOWARD THE STATE OF TEXAS AND HAVE ESTABLISHED SUFFICIENT CONTACTS WITH THE FORUM-STATE UNDER THE *ZIPPO* ANALYSIS.**

19.     Plaintiff has asserted twelve causes of action against Defendant Zort, Inc. and Defendant Adam Iza based on Defendants' knowingly false and misleading representations to

Plaintiff, in Houston, Texas, regarding the "Zort Fund" and Defendants' unauthorized retention of Plaintiff's $300,000.00 investment.[23] Defendants' communications and transactions with Plaintiff all occurred online, with knowledge that Plaintiff resided in Texas. These communications and transactions were transmitted through Defendant Zort's website and messaging group chats created by Defendant Zort.[24]

20.     To assess whether a nonresident defendant has established sufficient contacts over the internet to subject them to jurisdiction, the Fifth Circuit has adopted the analysis used in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997); *Legacy Funeral Grp., LLC v. Damiano*, No. 4:19-CV-4686, 2021 U.S. Dist. LEXIS 64398, at *11 (S.D. Tex. Apr. 1, 2021); *See also Mink v. AAAA Development LLC,* 190 F.3d 333, 336 (5th Cir. 1999) (adopting Zippo analysis). *Zippo* established three categories of websites based on the website's level of interactivity and "prescribed a different jurisdictional result for each of the three categories of websites[.]" *Construction Cost Data, L.L.C. v. Gordian Group, Inc.,* No. 4:16-CV-114, 2016 WL 10951769, at *3 (S.D. Tex. July 22, 2016).

21.     At one end of the spectrum, when a website consists of nothing more than "passive advertisement," the court should not exercise jurisdiction. *Mink, 190 F.3d at 336*. At the other end of the spectrum, when a defendant's website facilitates the formation of contractual relationships and "the knowing and repeated transmission of computer files over the Internet[,]" the exercise of personal jurisdiction is proper. *Id*. When a website falls somewhere in between, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the [w]ebsite." *Id*.

22.     "In applying the *Zippo* test, district courts within the Fifth Circuit have often exercised personal jurisdiction over defendants whose websites enabled online purchases." *721*

---

[23] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 20-72 (Exhibit A).
[24] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶¶ 11, 14-16 (Exhibit B).

*Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 594 (E.D. La. 2015) (citing *Tempur—Pedic Int'l v. Go Satellite, Inc.*, 758 F.Supp.2d 366, 373 (N.D. Tex. 2010). "The Fifth Circuit has stated that a single act directed at the forum state can confer specific jurisdiction, but the single act must create a 'substantial connection' with the forum to satisfy the minimum contacts requirement." *Huynh v. Zurno, Inc.*, No. 4:18-CV-01756, 2019 U.S. Dist. LEXIS 20861, at *11-12 (S.D. Tex. Jan. 18, 2019); *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) ("If the contact resulted from the defendant's conduct and created a substantial connection with the forum state, even a single act can support jurisdiction."); *see also Francesca's Collections, Inc. v. Medina*, H-11-307, 2011 U.S. Dist. LEXIS 101510, 2011 WL 3925062, at * 1 (S.D. Tex. Sept. 7, 2011) (finding one internet sale was sufficient to confer jurisdiction).

23.     In this case, Defendant Zort owns and operates https://zort.com/.[25] Upon signing up, Zort users, such as Plaintiff, are directed to a messaging application called Telegram for use in communicating with Zort administrators.[26] Plaintiff was directed to the Zort Public Lobby group chat as well as the Zort Automated group chat after becoming a Zort user.[27] Defendant Zort and Defendant Adam Iza learned as early as February 28, 2020 that Plaintiff resided in the state of Texas through the parties' various messages in the Zort group chats.[28]



---

[25] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶ 10 (Exhibit B).
[26] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶ 11 (Exhibit B).
[27] *See Id.*
[28] *See Id.*

24. Plaintiff's dispute with Defendant Zort and Defendant Adam Iza began in September 2020 when Defendant Iza began sending messages to Plaintiff soliciting funds for membership in a "Zort Fund".[29] Defendants' solicitations were premised on the unilateral cancellation of the service for which Plaintiff had paid an annual subscription fee. Defendants then "baited" Plaintiff into switching to the "Zort Fund". Defendants knew Plaintiff was located in Texas and sent knowingly false communications to Plaintiff to induce him into conducting a wire transfer in Houston, Texas.[30]

25. On September 2, 2020, Defendant Adam Iza reached out to Plaintiff using the username "Zort Admin" offering Plaintiff the opportunity to join the "Zort Fund".[31] Defendant Adam Iza made multiple false and misleading representations regarding the "Zort Fund" agreement, including the representation that Plaintiff would be able to withdraw his funds at any time.[32] Plaintiff relied on these representations in agreeing to making a $300,000.00 transfer to Defendants. [33] Defendant Adam Iza sent dozens of communications to Plaintiff to solicit his agreement and exchanged hundreds of messages regarding the "Zort Fund" and Plaintiff's $300,000.00 investment since September 2020.[34] Upon information and belief, Zort does not currently have any "Zort Fund" and the Zort Fund agreement may not have been authorized by Defendant Zort.[35]

26. The facts above show that administrators for Defendant Zort regularly communicated with Plaintiff to facilitate multiple online commercial transactions using the Zort group chats as well as private messaging. Plaintiff was directed to these online messaging platforms by Defendant Zort during Plaintiff's sign-up process. Administrators for Defendant Zort

---

[29] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 13 (Exhibit A).
[30] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶¶ 11, 16 (Exhibit B).
[31] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 13 (Exhibit A).
[32] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 15 (Exhibit A).
[33] *See* Plaintiff's Original Complaint, September 28, 2021at ¶¶ 14-15 (Exhibit A).
[34] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 14-19 (Exhibit A).
[35] *See* Plaintiff's Amended Complaint, November 1, 2021 at ¶ 20 (Exhibit B).

initiated contact with Plaintiff, regarding the "Zort Fund" with knowledge that Plaintiff was residing in Texas. Administrators for Defendant Zort formed contractual relationships with Plaintiff by and through these online communications, including the "Zort Fund" agreement. Finally, Defendant Zort created a substantial connection with the State of Texas by soliciting $300,000.00 from Plaintiff through continuous false and misleading communications with the knowledge that Plaintiff was located in Texas. These purposeful actions by Defendant Zort establish a sufficiency of contacts with the State of Texas through internet-based sales under the *Zippo* analysis because they show that Defendant Zort's internet-based activities facilitated the formation of contractual relationships and the knowing and repeated transmission of computer files over the internet. *See Mink, 190 F.3d at 336; see also Compound Stock Earnings Seminars v. Deaton,* Civil Action No. 3:07-CV-0697-L, 2007 U.S. Dist. LEXIS 112087, at *10-11 (N.D. Tex. Oct. 2, 2007) ("The court determines that Plaintiff's argument that the website is passive is unavailing and determines that www.coveredcallcowboy.com falls at the other end of the internet spectrum. It is a website that 'clearly does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet.' The website does advertise its investment strategy, but it does more than that. The website offers a link for signing up, promises a product that is '100% internet based,' anticipates downloads of videos and workbooks, and continued access by customers. (internal citations omitted)).

27. As such, Defendant Zort has established forum-related contacts with a substantial connection to the State of Texas and personal jurisdiction over Defendant Zort is proper under the *Zippo* analysis. *See Autoflex Leasing-Dallas I, LLC,* No. 3:16-CV-2589-D, 2017 U.S. Dist. LEXIS 25219, 2017 WL 713667, at * 5 (N.D. Tex. Feb. 23, 2017) (in order to create jurisdiction, interactive website must have produced actual sale in the forum, not the mere possibility of sales);

*See also Mink, 190 F.3d at 337* ("Absent a defendant doing business over the internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate.")

28.     In the alternative, Defendant Adam Iza solicited funds from Plaintiff without the consent and authority of Defendant Zort. Generally, a corporation will serve to insulate individual employees from a court's personal jurisdiction under the fiduciary shield doctrine. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). The fiduciary shield doctrine does not apply, however, if the individual employee's actions are motivated by fraud or personal interest outside his corporate capacity. *Thomas v. Nat'l Collector's Mint, Inc.*, No. H-18-0348, 2018 U.S. Dist. LEXIS 204831, at *11 (S.D. Tex. Dec. 4, 2018); *See Lewis v. Fresne*, 252 F.3d 352, 359-60 (5th Cir. 2001). Defendant Iza's purposefully directed fraudulent activities, as described above, were made by Defendant Iza on his own behalf and for his own benefit. Defendant Iza knew that Plaintiff resided in Texas at the time the fraudulent communications were made. These actions by Defendant Iza establish a sufficiency of contacts with the State of Texas through internet-based sales under the *Zippo* analysis because they show that Defendant Iza's internet-based activities facilitated the formation of contractual relationships and the knowing and repeated transmission of computer files over the internet. As such, Plaintiff's causes of action arose from Defendant Iza's forum-related contacts, the fiduciary shield doctrine does not apply, and personal jurisdiction over Defendant Iza is proper under the *Zippo* analysis.

ii     **PLAINTIFF'S CAUSE OF ACTION AROSE FROM DEFENDANTS' FORUM-RELATED CONTACTS.**

29.     Plaintiff has asserted twelve causes of action against Defendant Zort, Inc. and Defendant Adam Iza based on Defendants' knowingly false and misleading representations to Plaintiff regarding the "Zort Fund" as well as Defendants' unauthorized retention of Plaintiff's

$300,000.00 investment.[36] Plaintiff's claims arise from, and are directly related to, Defendant's fraudulent and misleading internet communications to Plaintiff in the State of Texas.

30.    "Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action" *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 (5th Cir. 1996). This requirement is not well defined. *See Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC,* 994 F. Supp. 2d 845, 2014 U.S. Dist. LEXIS 5755, 2014 WL 199026, at *4 (S.D. Tex. Jan. 16, 2014) ("Although the Supreme Court has issued a number of rulings on the 'contacts' requirement, it has not offered direct guidance on the scope of the requirement for specific jurisdiction that the claim must 'arise out of or relate to' those contacts." (citations omitted)). Specific jurisdiction arises only when a defendant's purposeful acts with the forum state form the basis for the lawsuit. *Tittle v. Kan. Geological Soc'y*, Civil Action No. 3:08-CV-1908-O, 2009 U.S. Dist. LEXIS 142361, at *16 (N.D. Tex. Apr. 15, 2009); *See also Bearry v. Beech Aircraft Corp*., 818 F.2d 370, 374 (5th Cir. 1987) (holding that specific personal jurisdiction exists where cause of action arises out of defendant's contacts with forum).

31.    As discussed above, Defendant Zort, Inc. established sufficient contacts with the State of Texas by purposefully directing knowingly false and misleading representations to Plaintiff to induce him into agreeing to join the "Zort Fund" and transfer $300,000.00 to Defendants. Defendant Zort's knowingly false communications and unauthorized retention of Plaintiff's funds constitute theft of property, violation of the Texas Securities Act, fraud, breach of fiduciary duty, unlawful conversion, breach of contract, violation of the DTPA, negligent misrepresentation, money had and received, unjust enrichment, and/or civil conspiracy. Plaintiff's causes of action are directly related to the breach of these contractual relationships, the continuous

---

[36] *See* Plaintiff's Original Complaint, September 28, 2021at ¶ 20-72 (Exhibit A).

misrepresentations contained in Defendant Zort's online communications to Plaintiff, and Defendant Zort's unauthorized retention of Plaintiff's funds. As such, Plaintiff's causes of action arise from and are directly related to Defendant Zort, Inc.'s forum-related contacts.

32.     In the alternative, Defendant Adam Iza established sufficient contacts with the State of Texas by purposefully directing knowingly false and misleading representations to Plaintiff without authority or consent of Defendant Zort, Inc. These activities were conducted by Defendant Iza on his own behalf and for his own personal benefit. Plaintiff's causes of action are directly related to the breach of these contractual relationships and the continuous misrepresentations contained in Defendant Iza's online communications to Plaintiff. As such, Plaintiff's causes of action arise from and are directly related to Defendant Iza's forum-related contacts.

### iii.     THE EXERCISE OF PERSONAL JURISDICTION OVER DEFENDANTS IS REASONABLE AND FAIR.

33.     As discussed above, Plaintiff's causes of action arise from Defendant Zort, Inc. and/or Defendant Adam Iza's purposefully directed forum-related contacts. However, even if the requisite contacts exist, it must be fair and reasonable to exercise jurisdiction over Defendant. *W. Silver Recycling, Inc. v. Norma Grp. USA, LLC*, No. EP-15-CV-00115-FM, 2015 U.S. Dist. LEXIS 119359, at *21 (W.D. Tex. Sep. 8, 2015). Here, the exercise of personal jurisdiction over Defendant Zort, Inc. and Defendant Adam Iza is both reasonable and fair because Defendants should have reasonably anticipated being haled into a Texas court as a result of their continuous false and misleading communications to Plaintiff with the knowledge that Plaintiff was located in Houston, Texas.

34.     Under the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice. *Huynh v. Zurno, Inc.*, No. 4:18-CV-01756, 2019 U.S. Dist. LEXIS 20861, at *6 (S.D. Tex. Jan. 18, 2019). The factors to be examined include: (1) the burden on the nonresident

12

defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

35.     First, while Defendant Zort and Defendant Adam Iza may prefer to litigate this matter in another forum, neither Defendant Zort nor Defendant Iza are subject to any undue burden in defending themselves in the Southern District of Texas. Almost all actions and communications required for defending this lawsuit may be conducted virtually. Defendant Zort and/or Defendant Iza are proficient in virtual communications as evidenced by their hundreds of fraudulent online messages to Plaintiff. As such, the first factor slightly weighs in favor of the exercise of jurisdiction over Defendant Zort and Defendant Iza.

36.     Second, The State of Texas has a substantial interest in protecting its residents, such as Plaintiff, from fraudulent and deceptive business practices, such as those alleged in Plaintiff's Original Complaint. *See, e.g., Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 245 (5th Cir. 2008) ("We have held that in a case like this, where a cause of action for fraud committed against a resident of the forum is directly related to the tortious activities giving rise to personal jurisdiction, the exercise of that jurisdiction will be considered fair.") (citing *Wien Air*, 195 F.3d at 215). As such, the second factor of the "fundamental fairness test" heavily favors the exercise of jurisdiction over Defendant Zort and Defendant Iza by this Court.

37.     Third, the Southern District of Texas, Houston Division is the closest and most accessible forum/venue for Plaintiff to assert his claims. As such the Plaintiff's interest in convenient and effective relief heavily favors the exercise of jurisdiction over Defendant Zort and Defendant Iza by this Court.

13

38.    Fourth, the judicial system's interest in efficient resolution of controversies will be advanced by the exercise of jurisdiction over Defendant Zort and Defendant Iza by this Court. The dismissal of Plaintiff's complaint will only hinder and delay the resolution of this controversy and will promote the future filing of frivolous motions in similar cases. As such, the fourth factor of the "fundamental fairness" test favors the exercise of jurisdiction over Defendants by this Court.

39.    Finally, the several states' shared interest in deterring fraudulent interstate online communications favors the exercise of jurisdiction over Defendant Zort and Defendant Iza by this Court. All states have an interest in protecting their respective citizens from fraud and are further interested in the convenience of litigating such disputes in the district where such victim citizens reside. As such, the fifth factor of the "fundamental fairness" test heavily favors the exercise of jurisdiction over Defendants by this Court.

40.    All factors of the "fundamental fairness" test dictate that the exercise of jurisdiction over Defendant Zort and Defendant Iza by this Court is reasonable and fair. As such, Defendant Zort and Defendant Iza should have reasonably anticipated that their fraudulent communications to Plaintiff would subject them to personal jurisdiction in Texas. S*ee Trois v. Apple Tree Auction Ctr., Inc*., 882 F.3d 485, 491 (5th Cir. 2018) ("[A] willing participant on a conference call who actively engaged in conversation regarding his business . . . should have reasonably anticipated being haled into Texas court as a result of reaching out to Texas via phone in order to garner business and make specific representations.").

a.    **THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION IS THE PROPER VENUE FOR THIS CASE BECAUSE A SUBSTANTIAL PORTION OF THE EVENTS AND OMISSIONS GIVING RISE TO PLAINTIFF'S CLAIMS OCCURRED IN HOUSTON, TEXAS.**

41.    Defendants' Motion asserts that Plaintiff's complaint should be dismissed, or in the alternative, should be transferred, based on Defendants' allegations of improper venue. Once a defendant raises improper venue, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc*., No. 1:07-CV-699, 2008 U.S. Dist. LEXIS 17880,

14

2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." Id. (citations omitted). The Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009).

42. To determine whether venue is proper in Texas, the general venue statute in 28 U.S.C. § 1391 controls and states that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

43. In this case, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in and were directed to Houston, Texas. Defendant Zort and/or Defendant Iza deliberately solicited Plaintiff to join the "Zort Fund" by sending hundreds of communications to Plaintiff with the knowledge that Houston, Texas was the location where Plaintiff resides and would be receiving the communications.

44. Furthermore, Plaintiff agreed to the terms of the "Zort Fund" agreement while located in Houston, Texas. Defendants knew that Plaintiff was located in Texas and that the agreement would be performed in Texas. Moreover, Defendant Zort and/or Defendant Adam Iza's unsolicited offer to Plaintiff regarding the "Zort Fund" was designed to induce and did in fact induce Plaintiff to make a transfer of $300,000.00 in Houston, Texas.

45. Lastly, venue is proper where Defendants are subject to the court's personal jurisdiction. As discussed above, Defendant Zort and/or Defendant Adam Iza purposefully directed activities toward the State of Texas, Plaintiff's causes of action arise from Defendants' contact with the State of Texas, and personal jurisdiction over Defendants in this Court is reasonable and fair. Because exercise of personal jurisdiction over Defendants by this Court is proper in this case, venue is also proper in the Southern District of Texas, Houston Division.

46.    For the reasons listed above, venue is proper in the Southern District of Texas, Houston Division and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue should be denied in full.

## IV.    CONCLUSION

The exercise of jurisdiction over Defendant Zort, Inc. and Defendant Adam Iza is proper in this case because Plaintiff's claims arise from and are directly related to Defendants' purposefully directed activities into the State of Texas. Venue is proper in the Southern District of Texas, Houston Division, because a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred in Houston, Texas. For these reasons Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue.

Respectfully Submitted,

**THE COBOS LAW FIRM**

By:    */s/ Andrew J. Cobos*
Andrew J. Cobos
State Bar No. 24078352
Southern District Bar No. 1322524
Nicholas Kacal
State Bar No. 24123106
Southern District Bar No. 3684331
1300 McGowen St.
Houston, Texas 77004
Telephone: (713) 234-5860
Facsimile:  (713) 583-5524
andrew@cobos.law
nicholas@cobos.law

**ATTORNEYS FOR PLAINTIFF**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on or about the 1st day of November, 2021, a true and correct copy of the above and foregoing pleading was electronically filed with the clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification

_____/s/ Andrew J. Cobos_____
Andrew J. Cobos