**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ASIM KHAN, | |
| *Plaintiff*, | |
| v. | Civil Action No. 21-3157 |
| ZORT, INC., AND ADAM IZA, | |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

COME NOW, Defendants Zort, Inc. ("Zort") and Adam Iza ("Mr. Iza") (collectively, "Defendants") who file this Memorandum in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404 and 1406, and would respectfully show the Court as follows:

### I. PROCEDURAL HISTORY

1. Plaintiff filed the above-captioned complaint on September 28, 2021.

2. Defendants now move the court to dismiss the matter for lack of personal jurisdiction and improper venue. Alternatively, they move to transfer venue to the Central District of California.

**Exhibit C**

Page 1 of 9

## II.     ARGUMENTS

**A.     The Complaint Should Be Dismissed Pursuant to Rule 12(b)(2) Because Nonresident Defendants Are Not Subject to Personal Jurisdiction in This Court.**

3.     Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over the defendant. *Blakley v. Pizza*, No. 4:20-CV-02962, 2021 WL 1206420, at *1 (S.D. Tex. Jan. 12, 2021). When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *Id.*; *see also Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

4.     "A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Blakley*, 2021 WL 1206420, at *2. "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Id.* (citing *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019)). "To comport with due process demands, a plaintiff in a diversity case must establish that the non-resident defendant purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Zoch v. Magna Seating (Ger.) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020)).

5.     Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The "constitutional touchstone" is whether the defendant purposefully established minimum contacts in the forum State. *Burger King Corp. v. Rudzewicz*,

471 U.S. 462, 474 (1985). The "purposeful availment" requirement ensures that a defendant will not be hauled into a jurisdiction as a result of "'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 475.

6. The United States Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Blakley*, 2021 WL 1206420, at *2 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017)). General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). According to the U.S. Supreme Court, the "paradigm forums" in which a corporate defendant is at home are the corporation's place of business or place of incorporation. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although general jurisdiction is not limited to these paradigm forums, the Supreme Court stated that it would have to be an "exceptional case," for a corporate defendant's operations to be so substantial and of such a nature as to render the corporation at home in that state. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (holding Montana court had no general jurisdiction over BNSF even though it had over 2,000 miles of railroad track and more than 2,000 employees in the state, because it was not incorporated in or had its principal place of business in Montana, nor was it so heavily engaged in Montana as to render it essentially at home in that state.).

7. The specific-jurisdiction inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Blakley*, 2021 WL 1206420, at *2 (citing *Walden*, 571 U.S. at 284). For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Id.* (citing *Goodyear*, 564 U.S.

at 919). Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). The Fifth Circuit uses a three-step analysis for specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.* (citing *Ward v. Rhode*, 544 F. App'x, 349, 352 (5th Cir. 2013)).

8. At the outset, Defendants' Motion to Dismiss should be granted because Plaintiff has not pled any facts that would support this Court's exercise of personal jurisdiction over Defendants. *See* Plaintiff's Original Complaint ¶¶ 10-19. Plaintiff attempts to assert jurisdiction over a foreign entity that is not at home in Texas and a nonresident individual premised solely on its conclusory allegations that this Court has jurisdiction over the Defendants because they both have "minimum contacts with the State of Texas as [they] regularly conduct[] business in the state[,]" and "Plaintiff's injuries arise out of [Defendants'] purposefully directed activities in the State of Texas." *See* Plaintiff's Original Complaint ¶¶ 5-6. Plaintiff's vague jurisdictional allegations are simply not enough to require nonresidents Zort and Mr. Iza to defend a lawsuit in Texas. There must be a pleading of relevant facts and evidence, and there is neither. Plaintiff's Complaint is void of any allegations of Defendants purposely directing activities toward the State of Texas or purposefully availing themselves of the privileges of conducting activities in the State of Texas. *See* Plaintiff's Original Complaint ¶¶ 10-19.

9. Moreover, this Court's exercise of personal jurisdiction over Defendants will violate due process because (1) Defendants do not have minimum contacts with Texas, and (2) maintaining this suit in Texas will offend traditional notions of fair play and substantial justice. First, nonresident Zort is not subject to general jurisdiction in Texas because Zort is a Delaware company with its headquarters in California. *See* Exhibit A, Zort Declaration in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Zort Dec.") ¶ 3. Nonresident Mr. Iza is also not subject to general jurisdiction in Texas because Mr. Iza is a resident of California. *See* Exhibit B, Mr. Iza Declaration in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue ("Mr. Iza Dec.") ¶ 3. Additionally, Defendants do not have minimum contacts with the State of Texas sufficient to give rise to personal jurisdiction because: (1) Defendants are not, and have never been, domiciled in Texas; (2) Defendants' residence and/or principal place of business is not in Texas; (3) Defendants do not have an office or solicit any business in Texas; (4) Zort is not registered to do business in Texas and does not maintain a registered agent for service in Texas; (5) Defendants do not own any property or hold any bank accounts or other assets in Texas; (6) Defendants do not have any employees in Texas; (7) Defendants do not have a Texas telephone number; (8) no meetings between Plaintiff and Defendants occurred in Texas; (9) Defendants never traveled to Texas to meet with Plaintiff, and Defendants have not traveled to Texas for any purported business purpose at issue before this Court; and (10) the alleged activities giving rise to this action did not take place in and were not directed at Texas. *See* Zort Dec. ¶¶ 3-13; *see also* Mr. Iza Dec. ¶¶ 3-15. Simply put, Plaintiff has failed to, and cannot, meet its burden to show that

Zort and Mr. Iza have the necessary minimum contacts with Texas to support the Court's exercise of either general or specific personal jurisdiction.

**B.     The Complaint Should Be Dismissed Pursuant to Rule 12(b)(3) Because Venue Is Improper.**

10.     Federal Rule of Civil Procedure 12(b)(3) requires dismissal of an action where venue is improper. Once a defendant challenges venue as improper under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of demonstrating that the chosen venue is proper. *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013)

11.     To determine whether venue is proper in Texas, the general venue statute in 28 U.S.C. § 1391 controls, which states that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b)(1)-(3). The Southern District of Texas is clearly not the proper venue for this action.

12.     Defendants are not residents of Texas—Zort is a Delaware company with its headquarters in California, and Mr. Iza is a resident of California—and no substantial part of the events or omissions giving rise to the claim occurred in Texas. *See* Zort Dec. ¶¶ 3, 13; *see also* Mr. Iza Dec. ¶¶ 3, 15. Because none of the Defendants reside in Texas, this District is not the proper venue based on the residences of the Defendants. Furthermore, at no point in the Complaint does Plaintiff substantiate as to any allegedly wrongful or relevant events or omissions Defendants engaged in related to this District.

13. Plaintiff must offer more than mere conclusory statements that any alleged acts or omissions giving rise to his claims occurred in the Southern District of Texas. Plaintiff's current vague jurisdictional allegations are simply not enough to support venue here.

14. Lastly, venue is proper where Defendants are subject to the court's personal jurisdiction. As discussed, Plaintiff has not pled any jurisdictional facts that would support this Court's exercise of personal jurisdiction over Defendants. Because any exercise of personal jurisdiction over Defendants would violate due process, venue is improper in the Southern District of Texas.

**C. In the Alternative, This Case Should Be Transferred to the United States District Court for the Central District of California.**

15. In the event that the Court should determine a transfer to be in the interest of justice rather than a dismissal, this suit should be transferred to the United States District Court for the Central District of California based upon the residency of the Defendants.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The Court must consider the convenience of the parties, the convenience of the witnesses, and the public interest factors such as the fair and efficient administration of the judicial system, among other factors, when determining whether to permit a transfer of venue. *See Houston Trial Reports, Inc. v. LRP Publications, Inc*., 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999).

16. Plaintiff filed his Complaint in the Southern District of Texas on September 28, 2021, alleging jurisdiction and venue were proper in this District. As demonstrated above, however, jurisdiction and venue are not proper in this District because all Defendants are

residents of Los Angeles, California, a city within the Central District of California. Likewise, the majority of witnesses and any experts will likely be from California.

17. For these reasons, the Central District of California is the more appropriate venue pursuant to 28 U.S.C. §§ 1391(b)(1) & 1404(a).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court grant their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, grant their Motion to Transfer Venue by transferring the above-captioned lawsuit to the United States District Court for the Central District of California.

Respectfully submitted,

**GODWIN | BOWMAN** PC

**Donald E. Godwin**  (*Admitted*)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
**Morgan H. Scott** (*Admitted*)
Texas State Bar No. 24106412
MScott@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:    214.939.4412
Fax:   214.527.3112

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on or about the 12th day of October, 2021, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

_____
Donald E. Godwin

3369986 v2-26994/0002 PLEADINGS