**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ASIM KHAN,

        *Plaintiff*,

v.

ZORT, INC., AND ADAM IZA,

        *Defendants*.

**CV 21-8681-MWF (AGRx)**

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW, Defendants Zort, Inc. ("Zort") and Adam Iza ("Iza") (collectively, "Defendants"), by and through their undersigned counsel, and in answer to Plaintiff Asim Khan's Amended Complaint (the "Complaint"), states as follows: [1]

## INTRODUCTION

1. In response to the first unnumbered paragraph on page 1 of the Complaint, Defendants admit that Zort is a crypto-currency investment and automated artificial intelligence trading platform. Otherwise, Defendants deny, generally and specifically, each and every allegation contained therein.

2. In response to the second unnumbered paragraph on page 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

3. In response to the third unnumbered paragraph on page 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

---

[1] Plaintiff has not filed an amended complaint in this Court. Defendants file this Answer in response to Plaintiff's Amended Complaint, which was filed in the United States District Court for the Southern District of Texas (Houston Division) and which includes Texas-specific statutes and state law claims.

allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

4.      In response to the fourth unnumbered paragraph on page 1 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## PARTIES

5.      In response to paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 2 of the Complaint, Defendants admit that Zort is a Delaware corporation organized and/or existing under the laws of Delaware. Otherwise, Defendants deny, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 3 of the Complaint, Defendants admit that Iza is a California resident. Otherwise, Defendants deny, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

8.      In response to paragraph 4 of the Complaint, Defendants admit that Plaintiff has alleged that a federal Court has subject matter jurisdiction over this matter pursuant on 28 U.S.C. § 1332(a)(1). Defendants state that this is a legal conclusion which is not subject to denial or admission. Defendants respectfully refer all conclusions of law to the Court.

9.      In response to paragraph 5 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 6 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 7 of the Complaint, Defendants admit that Plaintiff alleged that venue was proper in the Southern District of Texas. Defendants deny, generally and specifically, each and every allegation contained therein.

12.     To the extent that the allegation in paragraph 8 of the Complaint is directed to Defendants, Defendants deny, generally and specifically, the allegation contained therein.

## MISNOMER/ALTER EGO

13.     Because of the vagueness and ambiguity of the allegations in paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

14.     In response to paragraph 10 of the Complaint, Defendants admit that Zort owns and operates https://zort.com/. Otherwise, Defendants deny, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 11 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION

### COUNT 1: THEFT OF PROPERTY UNDER THE TEXAS THEFT LIABILITY ACT

25.     In response to paragraph 21 of the Complaint, Defendants adopt and incorporate its responses to paragraphs 1-20, inclusive, as if fully set forth herein.

26.     In response to paragraph 22 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.  To the extent a response is required, Defendants deny, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 23 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 24 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 25 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 26 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 27 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 28 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

### COUNT 2: VIOLATIONS OF THE TEXAS SECURITIES ACT

33.     In response to paragraph 29 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

34.     In response to paragraph 30 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 31 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.

36.     In response to paragraph 32 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.

37.     In response to paragraph 33 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 34 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 35 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 3: FRAUD

40.     In response to paragraph 36 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

41.     In response to paragraph 37 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 4: BREACH OF FIDUCIARY DUTY

42.     In response to paragraph 38 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

43.     In response to paragraph 39 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

44.     In response to paragraph 40 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

45.     In response to paragraph 41 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 42 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 5: UNLAWFUL CONVERSION

47.     In response to paragraph 43 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

48.     In response to paragraph 44 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 45 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 46 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

51.     In response to paragraph 47 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 6: BREACH OF CONTRACT

52.     In response to paragraph 48 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

53.     In response to paragraph 49 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.  To the extent a response is required, Defendants deny, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 50 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 51 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

56.     In response to paragraph 52 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

57.     In response to paragraph 53 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

58.     To the extent that the allegation in paragraph 54 of the Complaint is directed to Defendants, Defendants deny, generally and specifically, the allegation contained therein.

59.     In response to paragraph 55 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 7: VIOLATION OF THE DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

60.     In response to paragraph 56 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

61.    In response to paragraph 57 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

62.    In response to paragraph 58 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

63.    In response to paragraph 59 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

64.    In response to paragraph 60 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

65.    In response to paragraph 61 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

66.    In response to paragraph 62 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 8: NEGLIGENT MISREPRESENTATION

67.    In response to paragraph 63 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

68.    In response to paragraph 64 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 9: MONEY HAD & RECEIVED AND UNJUST ENRICHMENT

69.    In response to paragraph 65 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

70.    In response to paragraph 66 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

71.    In response to paragraph 67 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## COUNT 10: PROMISSORY ESTOPPEL

72.     In response to paragraph 68 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

73.     Because of the vagueness and ambiguity of the allegations in paragraph 69 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

## COUNT 11: VICARIOUS LIABILITY – RESPONDEAT SUPERIOR

74.     In response to paragraph 70 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

75.     In response to paragraph 71 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court. To the extent a response is required, Defendants deny that their actions are violations of Respondeat Superior.

## COUNT 12: CIVIL CONSPIRACY

76.     In response to paragraph 72 of the Complaint, Defendants adopt and incorporate its responses to all preceding paragraphs, inclusive, as if fully set forth herein.

77.     In response to paragraph 73 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## JURY DEMAND

78.     In response to paragraph 74 of the Complaint, Defendants state that no answer is required to Plaintiff's jury demand.

## CONDITIONS PRECEDENT

79.     In response to paragraph 75 of the Complaint, Defendants state that this paragraph sets forth legal conclusions to which no response is required.  Defendants respectfully refer all conclusions of law to the Court.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny, generally and specifically, each and every allegation contained therein.

## EXEMPLARY DAMAGES

80.     In response to paragraph 76 of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## DAMAGES

81.     In response to paragraph 77 (presumably, incorrectly numbered paragraph 44) of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 78 (presumably, incorrectly numbered paragraph 45) of the Complaint, Defendants deny, generally and specifically, each and every allegation contained therein.

## PRAYER

83.     In response to the Prayer in the Complaint, Defendants state that no answer is required to Plaintiff's prayer. To the extent an answer is required, Defendants deny the allegations in the prayer for relief and deny that Plaintiff has any basis for obtaining any relief from Defendants.

## DEFENSES

84.   In further response to Plaintiff's Amended Complaint, and pursuant to Federal Rules of Civil Procedure, Rule 8(c), Defendants assert the following constituting an avoidance or affirmative defense, without conceding that it bears the burden of proof where it otherwise rests with Plaintiff:

### First Defense

85.   As and for its First Defense, Defendants state that Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

86.   As and for its Second Defense, Defendants state that, if Plaintiff sustained the injuries or incurred the expenses as alleged, which is specifically denied, such injuries and expenses were directly and proximately caused by the fault of parties other than Defendants, whether named or unnamed in the pleadings in this action, and over whom Defendants had no supervision or control and for whose actions and omissions Defendants have no legal responsibility. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

### Third Defense

87.   As and for its Third Defense, Defendants state that Plaintiff acted in such a way as to constitute contributory negligence, assumption of risk, estoppel, release, and/or waiver.

### Fourth Defense

88.   As and for its Fourth Defense, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands and/or other inequitable conduct.

## Fifth Defense

89.   Defendants deny any conduct for which punitive damages could or should be awarded and deny that sufficient evidence has been produced to support or sustain the imposition of punitive damages pursuant to the applicable standard of proof.

## Sixth Defense

90.   With respect to Plaintiff's request for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damages awards under applicable federal or state law or other applicable law.

## RESERVATION OF RIGHTS

91.   Defendants hereby give notice that it intends to rely upon such other defenses as may become available or appear during discovery in this action and reserve their right to amend this answer to assert such defenses or other matters as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants pray for judgment against Plaintiff as follows:

1.   Plaintiff take nothing by virtue of his Amended Complaint;

2.   Plaintiff's Amended Complaint be dismissed with prejudice;

3.   Defendants be awarded their costs and expenses incurred in connection with this action, including attorneys' fees; and

4.   For such other relief as the Court may deem appropriate or as may be permitted by law.

Respectfully submitted,

**GODWIN | BOWMAN  PC**

_[signature: Donald E. Godwin]_

**Donald E. Godwin** (_admitted Pro Hac Vice_)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:      214.939.4412
Fax:     214.527.3112

**Bryan C. Swaim** (_Local Counsel_)
California State Bar No. 289829
bswaim@bordinsemmer.com

Bordin Semmer, LLP
6100 Center Dr., Suite 1100
Los Angeles, CA 90045
T: 323.457.2110
F: 323.457.2120

ATTORNEYS FOR DEFENDANTS
ZORT, INC. AND ADAM IZA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2022, a true and correct copy of the above and foregoing document was served via the Court's CM/ECF notification system.

_[signature: Bryan C. Swaim]_

Bryan C. Swaim (_Local Counsel_)