IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **Asim Khan,** *Plaintiff,* § § § | |
| *v.* § § | Case No. 2:21-cv-08681-MFW-AGR |
| **Zort, Inc., Adam Iza, and Iris Au,** *Defendants.* § § § § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

1. This is a case about theft by a fiduciary. Defendant Zort—a powerful crypto-currency investment firm and automated artificial intelligence trading software—and its alter-ego VURG, Inc., stole hundreds of thousands of dollars from Plaintiff. Zort CEO Adam Iza and Zort CFO Iris Au now refuse to return the stolen money. In late 2020, Plaintiff Asim Khan entered into an agreement with Zort, whereby he paid $277,000 to use Zort's proprietary trading algorithms. Plaintiff then deposited an additional $300,000 in U.S. Dollar Coin (USDC) into a Zort controlled wallet as an initial investment. Zort was a fiduciary of Plaintiff's investment, but Plaintiff's investment money never belonged to Zort. Plaintiff became dissatisfied with Zort after the company refused to send him portfolio reports. On April 15, 2021, Plaintiff requested that Zort return a portion of his initial investment. Iza then informed Plaintiff that Zort would not return any of his funds at that time. Later that September, Plaintiff's suspicions increased when he discovered that the individual who created Zort's trading algorithm was no longer employed by the company. At that time, Plaintiff demanded that Zort return his entire investment, along with any profits, to which Iza replied: **"ARE YOU FUCKING CRAZY?"**

2. <u>Theft is not ok.</u> Defendants are in possession of Plaintiff's money and have staunchly refused to pay it back. Defendants' actions have caused Plaintiff significant economic harm, mental anguish, and missed opportunities, for which Plaintiff files this lawsuit.

1

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I.  PARTIES

3. Plaintiff Asim Khan is an individual residing in Harris County, Texas. Plaintiff may be served with process through his attorneys of record: The Cobos Law Firm, Andrew Cobos, 711 W. Alabama St., Houston, Texas 77006.

4. Defendant Zort, Inc is a Delaware for profit corporation organized and/or existing under the laws of Delaware with its principal place of business located in the Central District of California. At all times material and relevant hereto, Defendant Zort was engaged in business in Central District of California. Defendant Zort, Inc. has appeared and filed an answer in this case, and may be served through its attorneys of record: Bordin Semmer LLP., 6100 Center Dr., Suite 1100, Los Angeles, CA 90045 and Donald E. Godwin, Godwin Bowman, P.C., 1201 Elm Street, Suite 1700, Dallas, Texas, 75270-2041.

5. Defendant Adam Iza is an individual residing at 277 Saint Pierre Rd., Los Angeles, CA 90077 who was engaged in business in Central District of California. Defendant Adam Iza has appeared and filed an answer in this case, and may be served through its attorneys of record: Bordin Semmer LLP., 6100 Center Dr., Suite 1100, Los Angeles, CA 90045 and Donald E. Godwin, Godwin Bowman, P.C., 1201 Elm Street, Suite 1700, Dallas, Texas, 75270-2041.

6. Defendant Iris Au is an individual residing at 755 S Spring St., Apt 2805, Los Angeles, CA 90014 who was engaged in business in the Central District of California. Defendant Iris Au may be served at this address or wherever she may be found.

## II.  JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. This Court also has subject matter jurisdiction pursuantto 28 U.S. Code §1331 because at least one cause of action  incorporated herein arises

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

under the Constitution, laws, or treaties of the United States.

8. This Court has personal jurisdiction over Defendant Zort, Inc. because Defendant Zort's principal place of business is located in the Central District of California and Defendant Zort regularly conducts business in California.

9. This Court has personal jurisdiction over Defendant Adam Iza because he resides in the Central District of California and he regularly conducts business in California.

10. This Court has personal jurisdiction over Defendant Iris Au because she resides in the Central District of California and she regularly conducts business in California.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

12. Plaintiff seeks monetary relief of over $1,500,000.00.

### III.   MISNOMER / ALTER EGO

13. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.   FACTUAL ALLEGATIONS

14. Defendant Zort, Inc. owns and operates https://zort.com/. Through this website, Defendant Zort hosts an application programming interface ("API") which utilizes an artificial intelligence algorithm to automatically buy and sell securities when linked to a client's equity account. Zort's API utilized several different trading strategies, called books. The Zort API would automatically switch books based on market conditions. To use Defendant Zort's API, an investor is required to pay a substantial subscription fee based on a user's trading equity.

15. In February 2020, Plaintiff Asim Khan decided to use Zort's services. Upon signing

up, Zort users, such as Plaintiff, are directed to a messaging application called Telegram for use in communicating with Zort administrators, such as Defendant Adam Iza and Defendant Iris Au. Plaintiff was directed to the Zort Public Lobby Telegram group chat as well as the Zort Automated Telegram group chat after becoming a Zort user and regularly received information regarding Zort services through these group chats. Defendant Zort and Defendant Adam Iza learned as early as February 28, 2020 that Plaintiff resided in the state of Texas through the parties' various messages in the Zort group chats.

16. To utilize Zort's API, Plaintiff initially made monthly subscription payments to Zort in February, April, and May of $18,000.00, $22,000.00, and $22,000.00, respectively. Defendant Zort waived Plaintiff's March subscription fee due to technical issues with the website.

17. On May 15, 2020, Plaintiff paid a two hundred and fifteen thousand dollar ($215,000.00) annual subscription fee to Defendant Zort. During this time, Zort offered Plaintiff an option to use a new trading strategy known "Institutional." "Institutional" was reserved only for Zort users who traded using higher amounts of equity. Plaintiff accepted this option and became a "Zort Institutional" investor.

18. On September 2, 2020, Defendant Adam Iza, using the username "Zort Admin" reached out to Plaintiff, on behalf of Defendant Zort, to inform him that Zort was no longer providing API-based institutional trading and would be officially opening "Zort Fund." This "Zort Fund" would pool all Zort Institutional investors into one account. This account would execute the trades on behalf of all Zort Institutional investors.

**PLAINTIFF'S SECOND AMENDED COMPLAINT**



19. Defendant Iza informed Plaintiff that if he joined "Zort Fund", he would not be subject to any additional fees, including cuts of profits, due to Plaintiff's pre-paid annual subscription fee. Defendants promised that the withdrawal period for "Zort Fund" investors would be one month, but that for Plaintiff, Zort would offer a 24-hour withdrawal period. Plaintiff, using the username "AntiSocialMob", accepted this offer and requested that Zort change his book to the "Zort Fund".





20. On September 14, 2020, Plaintiff requested wiring instructions in order to transfer $300,000.00 into the "Zort Fund." At that time, a Zort administrator informed Plaintiff that his "lock up" period could be terminated at any time. Plaintiff agreed to these terms and attempted to transfer $300,000.00 to Zort. However, due to transfer limits, Plaintiff was only able to transfer $50,000.00 on September 14, 2020. Plaintiff made an additional $50,000.00 transfer to Zort on September 15, 2020 and another $200,000.00 transfer on September 17, 2020.




6

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

21. In October 2020, Defendants failed to send any report on Plaintiff's investment in the "Zort Fund". When Plaintiff contacted Defendants regarding this failure, Defendants became evasive and deflected Plaintiff's questions. Plaintiff became very suspicious after these discussions and continued to request regular reports on his investment. However, these reports were not forthcoming for months.



7

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

22. On April 15, 2021, Plaintiff requested that Defendants return a portion of Plaintiff's investment. Defendant Zort informed Plaintiff that they would not return any of the invested funds at that time. Plaintiff was appalled by this statement, as Defendant had specifically informed Plaintiff in September 2020 that Plaintiff could have the funds returned at any time. Over the next few months, Plaintiff continued to renew his request for return of his investment but was met with excuses and apologies from Defendant.

23. In September 2021, Plaintiff's suspicions came to a head when Plaintiff discovered that the individual who created Zort's trading algorithm was no longer employed by Zort. When Plaintiff discovered this information, he demanded that Defendants return his entire investment, along with any profits. Plaintiff's demand was denied by Defendant and Mr. Khan was informed that Defendant would not return his investment, stating "are you fucking crazy?" and "you've done the worse you can."



24. Defendants took Plaintiff's investment money, pursuant to the agreement, and have refused to return it at his request. Upon information and belief, Defendant Zort does not currently have any "Zort Fund" in existence and Plaintiff was induced to transfer over half a million dollars under false pretenses. Upon further information and belief, VURG, Inc. is an alter-ego of Defendant Zort, Inc. and/or conspired with Zort, Inc. to support and aid Defendant Zort, Inc. in the above alleged actions and omissions to the detriment of Plaintiff. For these reasons, Plaintiff seeks recovery of his stolen assets.

V. **CAUSES OF ACTION**

**COUNT 1: CIVIL LIABILITY FOR VIOLATION OF SECTION 10(B) OF THE SECURITIES AND EXCHANGE ACT OF 1934**

25. All preceding paragraphs are incorporated as if set forth fully herein.

26. Defendants offered to serve as investment advisers on behalf of Plaintiff by means

9

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

of an untrue statement of material fact by representing to Mr. Khan that they would relinquish control over his investment assets upon his request. Defendants knew the representations were false when made.

27. Section 10(b) of the Securities and Exchange Act of 1934 prohibits the use or employ, in connection with the purchase or sale of any security of any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Rule 10b-5, makes it unlawful for any person, in connection with the purchase or sale of a security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). There is an implied private right of action for investors under Rule 10b-5. (Need 9th circuit precedent or statutory authority)

28. Defendants intended to deprive Plaintiff of his property. Plaintiff has demanded the return of Plaintiff's investment prior to filing this lawsuit. Nonetheless, Defendants have refused to return the assets they improperly retained.

29. Plaintiff has been damaged by Defendants' failure to return his property. Plaintiff has further been forced to spend time and resources in an attempt to recoup this loss.

30. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

**COUNT 2: CIVIL LIABILITY FOR THEFT AND EMBEZZLEMENT PURSUANT TO CALIFORNIA PENAL CODE § 496(C)**

31. All preceding paragraphs are incorporated as if set forth fully herein.

32. In addition, or in the alternative to other counts, Plaintiff has had a possessory right to his property, including the funds invested pursuant to the Agreement, as well as those funds' subsequent rise in value. Defendants have refused to return Plaintiff's property, despite multiple

requests.

33. Defendants' refusal to return Plaintiff's investment upon request and its subsequent exercise of control over those assets were outside of Defendants' authority. Defendants' retention of those assets, without Plaintiff's consent, constitutes theft and embezzlement whereby Defendants were unjustly enriched at the expense of Plaintiff. Defendants have withheld and/or aided in withholding Plaintiff's property with the knowledge that the property had been obtained in a manner constituting theft.

34. Defendants intended to deprive Plaintiff of his property. Plaintiff has demanded the return of Plaintiff's investment prior to filing this lawsuit. Nonetheless, Defendants have refused to return the assets they improperly retained.

35. Plaintiff has been damaged by Defendants' failure to return his property. Plaintiff has further been forced to spend time and resources in an attempt to recoup this loss.

36. The actions of Defendants constitute theft as defined in California Penal Code Sections 484(a) and 496(a). See Cal. Pen. Code §§ 484(a), 496(a). Furthermore, the actions of Defendants constitute embezzlement as defined in California Penal Code Section 506. See Cal. Pen. Code § 506.

37. Additionally, Plaintiff is entitled to bring civil action against Defendants under California Penal Code Section 496(c), which authorizes recovery of treble damages, costs of suit, and reasonable attorney's fees in cases of theft and extortion. See Cal. Pen. Code § 496(c).

38. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

COUNT 3: CIVIL LIABILITY FOR VIOLATION OF THE CALIFORNIA SECURITIES ACT

39. All preceding paragraphs are incorporated as if set forth fully herein.

40. In addition, or in the alternative to other counts, Plaintiff alleges the Defendants

have violated the California Securities Act and are subject to civil liability for their acts and omissions.

41. Defendants offered to serve as investment advisers on behalf of Plaintiff by means of an untrue statement of material fact by representing to Mr. Khan that they would relinquish control over his investment assets upon his request. Defendants knew the representations were false when made. Pursuant to California Corporations Code § 27101, it is unlawful for any individual, in connection with the solicitation, receipt, or collection of compensation of any kind from any owner or holder of any security for the purpose of protecting, enforcing, or representing the rights of the security owners, to: a) employ any device, scheme, or artifice to defraud; b) make any untrue statement of material fact, or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; c) engage in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and d) misappropriate or convert the funds, security, or property of any other person. See Cal. Corp. Code § 27201.

42. Defendant's solicitation of Plaintiff's assets by means of untrue statements of material fact is a violation of the California Securities Act.

43. California Corporations Code § 27200 imposes civil liability on every individual who solicits, receives, collects, or contracts for the payment of, any contributions, fees, funds, or compensation of any kind, in violation of the California Securities Act, for fraudulent conduct and material misrepresentations related to securities transactions. See Cal. Corp. Code § 27200. California Corporations Code § 27200 authorizes recovery of the full amount of Plaintiff's contribution, fee, or fund, together with reasonable attorney's fees.

44. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

## COUNT 4: FRAUD

45. All preceding paragraphs are incorporated as if set forth fully herein.

46. In addition, or in the alternative to other counts, Defendants made multiple false material representations to Plaintiff with the intent that Plaintiff rely upon the representations. In addition to false claims about the investment fund, Defendants further represented to Plaintiff that it would relinquish control over Plaintiff's assets upon his request. Defendants knew the representations were false or made the representations recklessly without knowledge of the truth of the statements. Plaintiff relied upon the representations, which caused him injury. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

## COUNT 5: BREACH OF FIDUCIARY DUTY

47. All preceding paragraphs are incorporated as if set forth fully herein.

48. In addition, or in the alternative to other counts, Defendants breached their fiduciary duty to Plaintiff. Plaintiff entered into a contract whereby Defendants were obligated to act on or give advice for the benefit of Plaintiff. Plaintiff had a relationship of trust and confidence with Defendant Zort as an investment firm and Defendants Adam Iza and Iris Au as investment advisors. Plaintiff relied on Defendants to handle, manage, and ensure that Plaintiff would receive fair treatment and payment for his investment. Defendants therefore owed fiduciary duties to Plaintiff, including but not limited to the duties of loyalty and care.

49. Defendants, acting as investment brokers and trustees on behalf of Plaintiff, failed to properly manage and return the entrusted assets. Defendants breached their fiduciary duty to Plaintiff when they refused to return the assets upon request.

50. Defendants wrongfully refused to transfer assets legally owned by Plaintiff.

Defendants' actions, while acting as fiduciaries of Plaintiff, were deceitful, fraudulent, and malicious. Therefore, pursuant California Civil Code Section 3294, Plaintiff is entitled to recover punitive damages for this conduct. See Cal. Civ. Code § 3294.

51. As a result of the above-described breaches, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 6: UNLAWFUL CONVERSION

52. All preceding paragraphs are incorporated as if set forth fully herein.

53. In addition, or in the alternative to other counts, Defendants converted Plaintiff's personal property assets without consent or authority to do so. Plaintiff is the lawful owner of the funds invested pursuant to the agreement. Defendants have segregated those funds for the purposes of investment. Defendants have no right, title, or interest in Plaintiff's investment assets.

54. Defendants wrongfully exercised dominion or control over the assets owned by Plaintiff when Defendants failed to return those assets upon Plaintiff's request. Defendants' retention of Plaintiff's investment constitutes an unlawful, ongoing conversion of Plaintiff's property.

55. As a result of the Defendants' ongoing conversion, Plaintiff has suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

56. Furthermore, the Defendants' ongoing conversion constitutes an act of malice for which Plaintiff is entitled to recover punitive damages under California Civil Code Section 3294. See Cal. Civ. Code § 3294.

### COUNT 7: BREACH OF CONTRACT

57. All preceding paragraphs are incorporated as if set forth fully herein.

58. Plaintiff alleges that Defendants breached a contract between the parties.

59. In September of 2021, Plaintiff and Defendants entered into an agreement whereby

Defendants agreed to broker an investment on Plaintiff's behalf and return those assets to Plaintiff upon request. Plaintiff provided Defendants valuable consideration and fully performed all duties required of him under the contract.

60. Defendants breached the contract when they refused to return Plaintiff's investment when requested. Despite multiple requests, Defendants have not returned Plaintiff's assets as of the date of this petition.

61. The above referenced acts or omissions, singularly or in combination with others, constitutes a breach of contract by Defendants.

62. As a direct and proximate consequence of Defendants' breaches, Plaintiff has suffered actual and consequential damages in excess of the minimum jurisdictional limit of this Court.

63. All conditions precedent to Plaintiff recovering under the contract and recovering attorney's fees have occurred, been performed, or have been waived.

### COUNT 8: NEGLIGENT MISREPRESENTATION

64. All preceding paragraphs are incorporated as if set forth fully herein.

65. In addition, or in the alternative to other counts, Defendants made multiple false material representations to Plaintiff with the intent that Plaintiff rely upon the representations. Specifically, Defendant represented to Plaintiff that it would relinquish control over Plaintiff's assets upon his request. Defendants' misrepresentations occurred in the course of Defendants' business, during which Defendants supplied false information for the guidance of Plaintiff. Defendants did not exercise reasonable care when communicating the information. Plaintiff justifiably relied on Defendants' misrepresentations, which were the proximate cause of Plaintiff's injuries. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 9: MONEY HAD & RECEIVED AND UNJUST ENRICHMENT

66. All preceding paragraphs are incorporated as if set forth fully herein.

67. In addition, or in the alternative to other counts, Plaintiff asserts that Defendants hold money which belongs to the Plaintiff in equity and good conscience. Defendant obtained the money from Plaintiff either by fraud, duress, or undue advantage when Defendant failed to return the money upon Plaintiff's request. Defendants' retention of those assets, without Plaintiff's consent, constitutes theft whereby Defendants were unjustly enriched at the expense of Plaintiff.

68. As a result of Defendant actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 10: PROMISSORY ESTOPPEL

69. All preceding paragraphs are incorporated as if set forth fully herein.

70. In addition, or in the alternative to other counts, Plaintiff asserts that the Defendants (1) made a promise, (2) Defendants could foresee the Plaintiff would rely on that promise, and (3) the Plaintiff substantially relied on the promise made by the Defendants to its detriment. Such actions proximately caused actual and economic damages to Plaintiff in an amount within the jurisdictional limits of this Court.

### COUNT 11: VICARIOUS LIABILITY – RESPONDEAT SUPERIOR

71. All preceding paragraphs are incorporated as if set forth fully herein.

72. In addition, or in the alternative to other counts, the acts of Defendant Adam Iza, as manager and chief executive officer of Defendant Zort, Inc. were performed while in the employment of, or as the agent of, or as a representative of, or as the member/shareholder/partner/equity holder of Zort, Inc., and were within the scope of that employment, relationship, and/or agency or within the authority delegated to the employee/agent/representative/stakeholder.

### COUNT 12: CIVIL CONSPIRACY

73. All preceding paragraphs are incorporated as if set forth fully herein.

74. Defendant Zort, Inc., VURG, Inc., Defendant Adam Iza, and Defendant Iris Au collectively conspired to prevent Plaintiff from obtaining his investment assets when it was clear that the investment assets should have been securely transferred to Plaintiff. Defendants and their employees collectively had a meeting of the minds regarding the theft of Plaintiff's investment assets, then Defendants took overt and unlawful actions to further their collective objective. Defendants' conspiracy caused injury to the Plaintiff, for which he now seeks to recover.

### VI.  JURY DEMAND

75. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### VII.  CONDITIONS PRECEDENT

76. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### VIII.  EXEMPLARY DAMAGES

77. Plaintiff's injury resulted from Defendants' fraud and malice, which entitles Plaintiff to punitive damages under California Civil Code Section 3294. See Cal. Civ. Code § 3294.

### VI.  DAMAGES

78. Plaintiff would show that as a proximate result of Defendants' acts and/or omissions, as described above, he has suffered severe emotional and psychological injuries. As the result of the Defendants' actions and omissions, Plaintiff seeks recovery for the following damages:

   a. Lost of earnings in the past and in the future;

   b. Mental anguish in the past and future;

    c. Punitive damages;

    d. Attorneys Fees;

    e. Actual and Economic damages.

79. All of the injuries sustained by Plaintiff were proximately caused by the acts and/or omissions of Defendants. By reason of the above and foregoing, Plaintiff has been damaged in a sum to be determined by the jury based on their good judgment and the facts, in an amount not less than $1,500,000.00.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and file an answer herein, and that upon final hearing Plaintiff be granted judgment against Defendants for damages in a sum within the jurisdictional limits of this Court, with pre-judgment and post-judgment interest at the highest rate allowed by law, costs of suit, and any other further relief, at law or in equity, to which he may show himself justly entitled. Specifically, Plaintiff request an award by the jury in an amount exceeding $1,500,000.00.

*<signatures on following page>*

Respectfully Submitted,

**THE COBOS LAW FIRM**

By: */s/ Andrew J. Cobos*
Andrew J. Cobos (*admitted pro hac vice*)
Texas State Bar No. 24078352
Southern District Bar No. 1322524
711 W. Alabama St.,
Houston, Texas 77004
Telephone: (713) 234-5860
Facsimile: (713) 583-5524
andrew@cobos.law
*Lead Counsel For Plaintiff*

Thomas J. Johnston
California State Bar No. 210506
Johnston & Hutchinson, LLP
350 S. Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone: (213) 542-1978
tjj@johnstonhutchinson.com
*Local Counsel For Plaintiff*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on or about the 11th day of January 2022, a true and correct copy of the above and foregoing pleading was electronically filed with the clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification. In addition, Plaintiff's have served by email a copy of this pleading on each of the following individuals:

Donald E. Godwin (admitted Pro Hac Vice)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112

Bryan C. Swaim (Local Counsel)
California State Bar No. 289829
bswaim@bordinsemmer.com
Bordin Semmer, LLP
6100 Center Dr., Suite 1100
Los Angeles, CA 90045
T: 323.457.2110
F: 323.457.2120

ATTORNEYS FOR DEFENDANTS
ZORT, INC. AND ADAM IZA

                                                                                                                      */s/ Andrew J. Cobos*
                                                                                                                   Andrew J. Cobos

**PLAINTIFF'S SECOND AMENDED COMPLAINT**