JOHNSTON & HUTCHINSON LLP
350 South Grand Avenue, Suite 2220
Los Angeles, CA 90071
Telephone: (213) 542-1978
Facsimile: (213) 542-1977
Thomas J. Johnston, SBN 210506
tjj@johnstonhutchinson.com

THE COBOS LAW FIRM
711 W. Alabama St.,
Houston, TX 77006
Telephone: (713) 234-5860
Facsimile: (713) 234-5860
Andrew J. Cobos (*admitted Pro Hac Vice*), Texas SBN 24078352
andrew@cobos.law

Attorneys for Plaintiff ASIM KHAN

BORDIN SEMMER, LLP
6100 Center Dr., Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120
Bryan C. Swaim, SBN 289829
bswaim@bordinsemmer.com

GODWIN BOWMAN PC
1201 Elm St., Ste. 1700
Dallas, TX 75270
Telephone: (214) 939-4412
Facsimile: (214) 527-3112
Donald E. Godwin (*admitted Pro Hac Vice*), Texas SBN 08056500
dgodwin@godwinbowman.com

Attorneys for Defendants Zort, Inc. and Adam Iza

1

JOINT RULE 26(f) REPORT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ASIM KHAN;

        Plaintiff,

v.

ZORT, INC. and ADAM IZA;

        Defendants.

CASE NO. 2:21-cv-08681-MFW-AGR
[Assigned to the Hon. Michael W. Fitzgerald]

**JOINT RULE 26(f) REPORT**

Formerly Case No. 4:21-CV-03157

From:
USDC Southern District of Texas, Houston

Date & Time of Rule 16 Conference: **February 14, 2022 at 11:00 a.m.**

Plaintiff's counsel attending the Rule 16 Conference:

**Andrew J. Cobos, The Cobos Law Firm**

Defendant's counsel attending the Rule 16 Conference:

**Bryan C. Swaim, Bordin Semmer, LLP**

Plaintiff's counsel who attended Rule 26(f) conference:

**Andrew J. Cobos, The Cobos Law Firm**

Defendant's counsel who attended Rule 26(f) conference:

**Dixon J. Cheung, Godwin Bowman PC**

## I.    STATEMENT OF THE CASE

PLAINTIFFS STATEMENT OF THE CASE

1.    This is a case about theft by a fiduciary. Plaintiff alleges that Defendant Zort, Inc.—a powerful crypto currency investment firm and artificial intelligence trading software—stole hundreds of thousands of dollars from Plaintiff. Plaintiff alleges that

2

JOINT RULE 26(f) REPORT

Defendant Zort and Zort CEO Adam Iza now refuse to return the stolen money. Plaintiff brings this suit to recover the funds allegedly stolen by Defendants.

2.      Plaintiff's Original Complaint was filed in the U.S. District Court for the Southern District of Texas on September 28, 2021. Plaintiff filed Plaintiff's Amended Complaint on November 1, 2021. Plaintiff's Amended Complaint asserts causes of action against Defendant Zort, Inc. and Defendant Adam Iza for: 1) theft of property under the Texas Theft Liability Act; 2) violations of the Texas Securities Act; 3) fraud; 4) breach of fiduciary duty; 5) unlawful conversion; 6) breach of contract; 7) violation of the Texas Deceptive Trade Practices Act; 8) negligent misrepresentation; 9) money had and received / unjust enrichment; 10) promissory estoppel; 11) respondeat superior; and 12) civil conspiracy. Plaintiff intends to file a Second Amended Complaint containing at least one additional defendant and replacing the current Texas specific causes of action with California specific and federal causes of action.

DEFENDANT'S STATEMENT OF THE CASE

3.      The only source of federal jurisdiction found in this lawsuit is arising under 28 U.S.C. § 1332(a)(1). Assuming that all of Plaintiff's allegations are true and correct (for the purposes of this Joint Status Report only), Plaintiff's First Amended Complaint ("Complaint") should be dismissed because (1) the Complaint is not a well pleaded complaint for Rule 12(b)(1) and/or 12(b)(6) purposes because it does not show that federal law creates a cause of action, that there is a federally created right and remedy, for any of the claims Plaintiff alleges; (2) the Complaint is not a well pleaded complaint for Rule 12(b)(1) and/or 12(b)(6) purposes because it does not show that a vindication of any of Plaintiff's alleged rights under state law necessarily turn on some construction of federal law; (3) the Complaint is not a well pleaded complaint for Rule 12(b)(1) and/or 12(b)(6) purposes because it doesn't show that the state law claims Plaintiff alleges are completely preempted (as opposed to ordinarily preempted) by a federal statute where Congress intended that the federal statute be exclusive; and (4) Plaintiff's alleged claims are state common law claims and do not come from federal common law. Accordingly, Plaintiff

JOINT RULE 26(f) REPORT

cannot prove a set of facts in support of claims which would entitle him to relief in federal court.

4. In response to Plaintiff's Amended Complaint, and pursuant to Federal Rules of Civil Procedure, Rule 8(c), Defendants Zort, Inc. and Adam Iza assert the following constituting an avoidance or affirmative defense, without conceding that it bears the burden of proof where it otherwise rests with Plaintiff: 1) Plaintiff fails to state a claim upon which relief can be granted; 2) Plaintiff's injuries or incurred expenses, if any, were directly and proximately caused by the fault of parties other than Defendants Zort, Inc. and Adam Iza; 3) contributory negligence, assumption of the risk, estoppel, release, and/or waiver; 4) Plaintiff's claims are barred by the doctrine of unclean hands and/or other inequitable conduct; 5) Defendants Zort, Inc. and Adam Iza deny any conduct for which punitive damages could or should be awarded; 6) Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damages awards under applicable law; 7) Defendants give notice that it intends to rely upon such other defenses as may become available or appear during discovery in this action and reserve their right to assert such defenses or other matters as permitted by law.

## II.   SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff intends to file a Second Amended Complaint containing at least one cause of action which arises under the Constitution, laws, or treaties of the United States. Plaintiff asserts that, upon such filing, this Court will have subject matter jurisdiction over this matter pursuant to 28 U.S. Code § 1331.

## III.   LEGAL ISSUES

6. This matter was originally filed as Civil Action No. 4:21-cv-03157 in the U.S. District Court for the Southern District of Texas on September 28, 2021. Plaintiff filed Plaintiff's Amended Complaint, his current live pleading, on November 1, 2021. Plaintiff

4

JOINT RULE 26(f) REPORT

intends to file a Second Amended Complaint containing at least one additional defendant and replacing the current Texas specific causes of action with California specific and federal causes of action.

## IV.    PARTIES, EVIDENCE, ETC.

7.    The current parties to this lawsuit are as follows: 1) Asim Khan, Plaintiff; 2) Zort, Inc., Defendant; and 3) Adam Iza, Defendant. Plaintiff intends to file a Second Amended Complaint joining at least one additional defendant, an individual named Iris Au.

8.    At this time, percipient witnesses in this matter include: 1) Asim Khan; and 2) Adam Iza. Plaintiff believes that Iris Au is also a percipient witness.

9.    At this time, Plaintiff asserts that key documents in this matter include messaging threads between Plaintiff and Zort, Inc. administrators, including Defendant Adam Iza, and documentation of asset transfers from Plaintiff to Defendants.

10.    Defendant Zort, Inc. does not have any subsidiaries, parents and affiliates.

## V.    DAMAGES

11.    Plaintiff is currently seeking monetary damages, excluding interest and costs, in the range of $577,000.00 and $1,000,000.00. This figure includes damages for loss of earnings in the past and in the future, mental anguish in the past and in the future, punitive damages, attorney's fees, actual economic damages, and consequential economic damages.

## VI.    INSURANCE

12.    Plaintiff is not insured by any insurance policy relevant to this matter.

13.    Defendant Zort, Inc. is not insured by any insurance policy relevant to this matter.

14.    Defendant Adam Iza is not insured by any insurance policy relevant to this matter.

## VII.    MOTIONS

15.    This matter was originally filed as Civil Action No. 4:21-cv-03157 in the U.S. District Court for the Southern District of Texas on September 28, 2021. Plaintiff filed

JOINT RULE 26(f) REPORT

Plaintiff's Amended Complaint, his current live pleading, on November 1, 2021. Plaintiff intends to file a Motion for Leave to Amend Plaintiff's Complaint seeking leave to file Plaintiff's Second Amended Complaint which would join at least one additional defendant and replace the current Texas specific causes of action with California specific and federal causes of action.

16.    Defendants may file a 12(b) Motion to Dismiss. The parties assume that the Court will rule on the Motion to Dismiss sometime in early 2022. If the Court is not able to rule on the Motion to Dismiss by April 8, 2022, the parties request the opportunity to modify the Court's scheduling order so that the parties do not waste judicial resources prior to the decision on the Motion to Dismiss.

## VIII. MANUAL FOR COMPLEX LITIGATION

17.    At this time, the parties do not desire to utilize the procedures set forth in the Manual for Complex Litigation.

## IX.    STATUS OF DISCOVERY

18.    The parties do not object to the 26(a)(1) disclosures and have completed exchange of the 26(a)(1) disclosures on January 10, 2022. The parties will exchange documents under Rule 26(a)(1) no later than April 25, 2022.

## X.    DISCOVERY PLAN

19.    To the extent discovery proceeds in this Court, the parties have agreed to the following regarding discovery:

- Fact discovery will be completed by December 19, 2022.
- Expert discovery will be completed by January 16, 2023.
- The parties anticipate discovery on the subjects of (a) Zort and its operation; (b) any alleged representations by Defendants to Plaintiff and related to Plaintiff's assets; and (c) Plaintiff's assets and investments giving rise to this lawsuit.
- The parties will exchange hard copies and/or electronic printable scanned PDF images of non-objectionable, non-privileged responsive documents

6

JOINT RULE 26(f) REPORT

without metadata, reserving the right to seek native documents with metadata should the need arise. In the event a document does not readily lend itself to produce hard copies and/or printable scanned PDF images, the parties will produce such document in native form (e.g., excel spreadsheets, etc.). Any party can request a specific native format as it deems necessary.

- Discovery does not need to be conducted in phases but should be limited to the issues outlined above.

20.    To the extent discovery proceeds in this Court, the parties agree no changes to the limitations on discovery imposed by the rules are necessary.

## XI.    DISCOVERY CUT-OFF

21.    The parties agree to January 16, 2023 as the proposed discovery cut-off date, including resolution of all discovery motions.

## XII.    EXPERT DISCOVERY

22.    The parties agree to the following proposed dates for expert witness disclosures and expert discovery cut-off under Rule 26(a)(2):

- The proposed time limit for initial designation of Experts is November 7, 2022;
- The proposed time limit for responsive designation of experts is December 5, 2022;
- the proposed time limit for objections to experts is January 2, 2023.
- The proposed time limit for completion of expert discovery is January 16, 2023.

## XIII.  DISPOSITIVE MOTIONS

23.    Defendants may file a 12(b) Motion to Dismiss. The parties assume that the Court will rule on the Motion to Dismiss sometime in early 2022. If the Court is not able to rule on the Motion to Dismiss by April 8, 2022, the parties request the opportunity to modify the Court's scheduling order so that the parties do not waste judicial resources prior to the decision on the Motion to Dismiss.

JOINT RULE 26(f) REPORT

24.     The parties do not currently believe that any issues or claims may be determined by motion for summary judgment or motion *in limine*. The parties reserve the right to motion for summary judgment and/or order(s) *in limine* on such issues and claims which may become appropriate during the pendency of this lawsuit.

### XIV.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

25.     Settlement discussions between the parties are currently in the preliminary stages and no settlement offers or demands have been made at this time.

26.     The parties have agreed to conduct further settlement negotiations on or before May 16, 2022.

27.     The parties agree to mediation no later than July 29, 2022 with mediator(s), in order of preference: Harlan Martin; Mark Whittington; Jeff Kaplan; and Ross Stoddard. There will be no arbitration.

### XV.   TRIAL ESTIMATE

28.     The parties have agreed to April 25, 2023 as the proposed jury trial date in this matter and anticipate that approximately four (4) days will be required for trial. The parties do not consent to trial before a U.S. Magistrate Judge.

29.     Plaintiff intends to call 5 witnesses at trial.

30.     Defendant intends to call 5 witnesses at trial.

### XVI.  Trial Counsel

31.     The names of the attorneys who Plaintiff currently intends to utilize as trial counsel are Andrew J. Cobos (admitted *Pro Hac vice*), Texas SBN 24078352, and Thomas J. Johnston, SBN 210506.

32.     The names of the attorneys who Defendant Zort, Inc. currently intends to utilize as trial counsel are Donald E. Godwin (admitted *Pro Hac Vice*), Texas SBN 08056500, and Bryan C. Swaim, SBN 289829.

33.     The names of the attorneys who Defendant Adam Iza currently intends to utilize as trial counsel are Donald E. Godwin (admitted *Pro Hac Vice*), Texas SBN 08056500, and Bryan C. Swaim, SBN 289829.

JOINT RULE 26(f) REPORT

## XVII. INDEPENDENT EXPERT OR MASTER

34.    The parties do not currently anticipate the need for the appointment of an independent expert or master in this matter. The parties reserve the right to request such an appointment should unanticipated issues arise.

## XVIII.        TIMETABLE

35.    The parties have agreed to the Schedule of Pretrial and Trial Dates attached hereto as "Exhibit A".

## XIX.  OTHER ISSUES

36.    The parties do not currently anticipate any other issues affecting the status or management of the case nor any proposals concerning severance, bifurcation, or other ordering of proof to arise in this case. The parties reserve the right to request such proposals should the need become apparent during the pendency of this lawsuit.

## XX.   CONCLUSION

The parties respectfully submit the above pursuant to this Court's January 13, 2022 Order Setting Scheduling Conference. The parties are prepared to discuss this case and the issues referenced above at the Scheduling Conference set for February 14, 2022 at 11:00 a.m. in Courtroom 5A.

DATED: January 31, 2022

*<signatures on following page>*

JOINT RULE 26(f) REPORT

Respectfully Submitted,

By:     */s/ Andrew J. Cobos*
Andrew J. Cobos (*admitted Pro Hac Vice*)
Texas State Bar No. 24078352
The Cobos Law Firm
711 W. Alabama St.,
Houston, Texas 77004
Telephone: (713) 234-5860
Facsimile:  (713) 583-5524
andrew@cobos.law
*Lead Counsel For Plaintiff*

By: */s/ Donald E. Godwin*
Donald E. Godwin (*admitted Pro Hac Vice*)
Texas State Bar No. 08056500
Godwin Bowman PC
1201 Elm St., Ste. 1700
Dallas, Texas 75270
Telephone: (214) 939-4412
Facsimile: (214) 527-3112
DGodwin@GodwinBowman.com
*Lead Counsel for Defendants*

Thomas J. Johnston
California State Bar No. 210506
Johnston & Hutchinson, LLP
350 S. Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone: (213) 542-1978
tjj@johnstonhutchinson.com
*Local Counsel For Plaintiff*
**ATTORNEYS FOR PLAINTIFF**

Bryan C. Swaim
California State Bar No. 289829
Bordin Semmer, LLP
6100 Center Dr., Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
bswaim@bordinsemmer.com
*Local Counsel for Defendants*
**ATTORNEYS FOR DEFENDANTS ZORT, INC. AND ADAM IZA**

10

JOINT RULE 26(f) REPORT

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:21-cv-08681-MFW-AGR |
| Case Name | Asim Khan v. Zort, Inc. and Adam Iza |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X ] Jury Trial  or  [   ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: four Days | April 25, 2023 | April 25, 2023 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** | April 3, 2023 | April 3, 2023 | |
| Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | April 10, 2023 | April 10, 2023 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | 26 | October 24, 2022 | October 24, 2022 | |
| Non–Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | December 19, 2022 | December 19, 2022 | |
| Expert Disclosure (Initial) | 24 | November 7, 2022 | November 7, 2022 | |
| Expert Disclosure (Rebuttal) | 20 | December 5, 2022 | December 5, 2022 | |
| Expert Discovery Cut-Off | 14 * | January 16, 2023 | January 16, 2023 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | January 16, 2023 | January 16, 2023 | |
| Last Date to Conduct Settlement Conference | 12 | January 30, 2023 | January 30, 2023 | |
| **For Jury Trial** ♦ File Memorandum of Contentions of Fact and Law, LR 16-4  ♦ File Exhibit and Witness Lists, LR 16-5,6  ♦ File Status Report Regarding Settlement  ♦ File Motions *In Limine* | 6 | March 13, 2023 | March 13, 2023 | |
| **For Jury Trial** ♦ Lodge Pretrial Conference Order, LR 16-7  ♦ File Agreed Set of Jury Instructions and Verdict Forms  ♦ File Statement Regarding Disputed Instructions, Verdicts, etc.  ♦ File Oppositions to Motions *In LImine* | 5 | March 20, 2023 | March 20, 2023 | |
| **For Court Trial** ♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | April 3, 2023 | April 3, 2023 | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel    ☐ Private Mediation    ☐ Magistrate Judge (with Court approval)

**EXHIBIT A**

JOINT RULE 26(f) REPORT