BORDIN SEMMER, LLP
6100 Center Dr., Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120
Bryan C. Swaim (Local Counsel), SBN 289829
bswaim@bordinsemmer.com

GODWIN BOWMAN PC
1201 Elm St., Ste. 1700
Dallas, TX 75270
Telephone: (214) 939-4412
Facsimile: (214) 527-3112
Donald E. Godwin (*admitted Pro Hac Vice*), Texas SBN 08056500
dgodwin@godwinbowman.com
Attorneys for Defendants Zort, Inc. and Adam Iza

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIM KHAN;<br><br>                        Plaintiff,<br><br>vs.<br><br>ZORT, INC. AND ADAM IZA;<br><br>                       Defendants | Case No.: 2:21-cv-08681-MFW-AGR<br><br>**DEFENDANTS' OBJECTIONS AND MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION** |

TO THE HONORABLE COURT:

COMES NOW Defendants Zort, Inc. ("Zort") and Adam Iza ("Iza") (collectively referred to as "Defendants") in the above-entitled and numbered cause and files this their Objections and Motion to Quash Plaintiff Asim Khan's Notice of the Taking of the Deposition of Defendant Iza Individually and as the Person Most Knowledgeable for Zort ("Notice of Deposition"), and would respectfully show the Court the following:

- 1 -

## BACKGROUND

On September 6, 2022, Plaintiff served his Notice of Deposition on Defendants. In that Notice of Deposition, Plaintiff specifically requests Defendants to produce the following documents:

3.      A list of any and all assets currently owned by Defendant Zort, Inc. and Defendant Adam Iza, including, but not limited to any and all crypto currency holdings over the past five (5) years by either Zort Inc., or Adam Iza individually; and

5.      A list of all current investors in Zort, Inc. including, but not limited to those who have demanded to be cashed out, those who successfully did cash out their investment, any commissions earned by Defendant Zort Inc. or Defendant Adam Iza, and a statement of currently held crypto currencies by Defendant Zort Inc. and Defendant Adam Iza.

A true and correct copy of the Notice of Deposition is attached hereto and incorporated herein by reference as "Exhibit A."

Specifically, the requested information is unduly burdensome and harassing as the requests seek information beyond the scope of this lawsuit.

While Defendants do not object to the date, time, and manner of the deposition by Zoom, Defendants object to the subject matter of the requested documents, specifically request numbers 3 and 5, which Plaintiff seeks to have Defendants produce at the deposition.

## OBJECTIONS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), a party can discover any non-privileged information relevant to the claim or defense of any other party. Upon good cause, a court may order discovery of any matter relevant to the subject matter

involved in the action. However, matters which are irrelevant or subject to a privilege or immunity are not discoverable.

The requested documents and information in Plaintiff's Notice of Deposition are outside the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1), as the requested information are not relevant to Plaintiff's claims. Fed. R. Civ. P. 26(b)(1). Defendants object and aver that the scope of the matters in inquiry regarding the proposed deposition should be limited to the matters at hand, and Plaintiff should not be afforded the opportunity to expend a broad "fishing expedition." Specifically, the requested information is not proportional to the needs of the case because the requested information is not relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Moreover, Defendants each object to provide information related to "all assets," "all current investors," confidential and financial information, and/or other issues not relevant to the lawsuit at hand. The documents requested, including but not limited to those requested in request numbers 3 and 5, must be stricken and the Defendants request the Court to provide protection from such harassing discovery. According to Plaintiff, "[t]his is a case about theft by a fiduciary." *See* Plaintiff's Amended Complaint. The financial information and list of "all assets" and "all current investors" of Defendants do not matter in the least and would be irrelevant to the subject of the lawsuit. The requested documents to be produced at the deposition of Defendants are beyond the scope of discovery, and are designed to increase the cost of litigation and be harassing.

Defendants also seek to have this Court quash the requested documents so as to protect confidential information. Such discovery of highly confidential and proprietary information

- 3 -

would not be relevant to claims or defenses in this case. Specifically, Plaintiff has requested information concerning financial and private information that is both private and is beyond the scope of discovery. Such requests are vague, unclear, overly broad, and are not reasonably limited in scope or time as Defendants cannot determine with reasonable specificity the information requested. Accordingly, the Court should quash Plaintiff's Notice of Deposition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court quash the Notice of Deposition, specifically with regards to the specific document request numbers 3 and 5, and that such discovery sought by such Notice of Deposition be limited upon such terms and conditions directed by the Court, and for such other and further relief, at law or in equity, that Defendants may be entitled.

Respectfully submitted,

**GODWIN | BOWMAN** PC

**Donald E. Godwin** *(admitted Pro Hac Vice)*
State Bar No. 08056500
DGodwin@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:     214.939.4412
Fax:    214.527.3112

**Bryan C. Swaim** (*Local Counsel*)
California State Bar No. 289829
bswaim@bordinsemmer.com

Bordin Semmer, LLP
6100 Center Dr., Suite 1100
Los Angeles, CA 90045
T: 323.457.2110
F: 323.457.2120

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was electronically served on all counsel of record on September 9, 2022.

Donald E. Godwin

EXHIBIT

A

Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm Inc.
9025 Wilshire Blvd. Suite 215
Beverly Hills, CA. 90211
Tel:  818-574-5740
Fax: 818-961-0138
Email: eric@eblawifrm.us

Attorney For Plaintiff: Asim Khan

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| ASIM KHAN,<br>Plaintiff,<br><br>v.<br>ZORT INC., ET.AL.<br>Defendants. | Case No. 2:21-cv-08681-MWF-AGR<br><br>Plaintiff Asim Khan's Notice of the taking of the Deposition of Defendant Adam Iza individually and as the Person Most Knowledgeable for Zort, Inc.<br><br>Date: October 21, 2022<br>Time: 10:00 a.m.<br>Place: Via Zoom Link to Follow<br><br>Complaint filed: November 3, 2021 |

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT**, pursuant to Rule 30 F.R.Civ.P., Plaintff Asim Khan, will depose Defendant Adam Iza both in his individual capacity and as the person most knowledgeable for Defendant Zort, Inc. as follows:

October 21, 2022 at 10:00 A.M.

This deposition to take place at the The Bensamochan Law Firm Inc, 9025 Wilshire Blvd. Suite 215, Beverly Hills, CA. 90211. A separate Zoom link will be provided for Defendant's counsel by use of a deposition service such as Remote Legal or steno.com. The deposition will be taken before a certified court reporter either live or by zoom video. If the deposition is not completed on October 21, 2022, it will be completed on a mutually agreeable subsequent date.

PLEASE TAKE FURTHER NOTICE that pursuant to Code of Civil Procedure § 2025.220(a)(5), Plaintiff may record the deposition testimony by videotape, in addition to recording the testimony stenographically, and/or through the use of instant visual display of the testimony. Plaintiff also reserves the right to use the video of the deposition testimony at trial pursuant to Code of Civil Procedure § 2025.620.

PLEASE TAKE FURTHER NOTICE that at the time of the deposition, the Deponent will be required to produce the following writings, documents and/or things for inspection and copying. Please take further notice that the originals of the documents produced be made available for inspection at the deposition via Zoom video.

The term "document" or "writing" as used herein refers to all writings, as defined in Evidence Code § 250, and all written or graphic matter, however produced or reproduced, of every kind and description in your actual or constructive possession, custody, care or control, including, but not limited to, originals (or copies where originals are unavailable) of writings, contracts, agreements, confirmations, diaries, calendars, correspondence, statements, questionnaires, books of account, graphs, charts, sketches, diagrams, drawings, photographs, motion picture film, cassettes, disks, transcripts, ledgers, registers, journals, summaries, digests, financial statements, invoices, faxes, minutes, notes, memoranda, analyses, projections, work papers, books,

-2-

records, reports, worksheets, price quotations, letters, objects, interoffice communications, cost sheets, timesheets or telephone logs, computer printouts, E-Mail transmissions, telegrams, cables, notes, or sound recordings of any kind of personal or telephonic conversations or meetings, drawings or materials similar to the foregoing, however denominated, including any marginal or interlinear comments appearing on all such documents, and all other information or data, records or compilations, including all underlying, supporting or preparatory material and all drafts, notes or other writings used in the preparation of any document.  Documents include, but are not limited to, documents kept by individuals in their desks or files, at home or elsewhere.

DOCUMENTS REQUESTS

The documents to be produced by the Deponent at the deposition shall include:

1. All reports, writings, communications, and other documents between the Plaintiff and Zort Inc., and Adam Iza the defendant.

2. A list of any and all aliases ever used by Defendant Adam Iza.

3. A list of any and all assets currently owned by Defendant Zort, Inc. and Defendant Adam Iza, including, but not limited to any and all crypto currency holdings over the past five (5) years by either Zort Inc., or Adam Iza individually.

4. A list of all Crypto Currency transactions between the Plaintiff and Zort Inc. and between the Plaintiff and Adam Iza.

5. A list of all current investors in Zort, Inc. including, but not limited to those who have demanded to be cashed out, those who successfully did cash out their investment, any commissions earned by Defendant Zort Inc. or Defendant Adam Iza, and a statement of currently held crypto currencies by Defendant Zort Inc. and Defendant Adam Iza.

Asim Khan's Notice of Deposition of Adam Iza

Date: September 6, 2022

Respectfully submitted,

 /s/Eric Bensamochan

Eric Bensamochan, Esq.
Attorney for Plaintiff Kevin Voong

**PROOF OF SERVICE**

Asim Khan's Notice of Deposition of Adam Iza

State of California

County of Los Angeles

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action. My business address is:

**9025 Wilshire Blvd., Suite 215**
**Beverly Hills, CA 90211**

On September 6, 2022, I caused the following documents described as **NOTICE OF DEPOSITION OF Adam Iza** to be served on interested parties as follows:
:

[]        **BY MAIL**
          I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Agoura Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit/declaration.

[x]        **BY EMAIL TRANSMISSION**
          I caused the foregoing to be sent by email to the following email addresses:
dcheung@godwinbowman.com; mscott@godwinbowman.com; bswaim@bordinsemmer.com;

[ ]        **BY FEDERAL EXPRESS**
          I am readily familiar with the firm's practice of collection and processing correspondence for sending documents by Federal Express. Under that practice, I deposited with Federal Express on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business.

[]        **PERSONAL SERVICE**
          I caused to be delivered the above-referenced documents by delivering them to _____ on _____.

[]        **BY FACSIMILE TRANSMISSION**
          I caused the foregoing document without Exhibits to be transmitted to the interested parties herein to the facsimile numbers listed above, with a confirmation report thereof being duly received.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


                                                            /s/Paulina Buitron
                                                            Paulina Buitron

Asim Khan's Notice of Deposition of Adam Iza