Eric Bensamochan, Esq.   SBN 255482
THE BENSAMOCHAN LAW FIRM, INC.
9025 Wilshire Blvd. Suite 215
Beverly Hills, California 90211
Tel.  (818) 574-5740
Fax. (818) 961-0138
Email: eric@eblawfirm.us

Attorney for Plaintiff
Asim Khan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ASIM KHAN,

                                    Plaintiff,

            vs.

ZORT, INC., ADAM IZA, and IRIS AU,

                                    Defendants.

Case No. 2:21-cv-08681-MFW-AGR

**PLAINTIFF ASIM KHAN'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH THE PRODUCTION OF CERTAIN DOCUMENTS CONTAINED IN PLAINTIFF'S NOTICE OF DEPOSITION**

**Telephonic Hearing:**
**Date:** October 21, 2022
**Time:** 10:30 am

**TO THE HONORABLE ALICIA G. ROSENBERG, UNITED STATES MAGISTRATE JUDGE, DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

Plaintiff Asim Khan, through and by counsel hereby opposes Defendants' Objections and Motion to Quash Plaintiff's Notice of Deposition as follows:

## I.        PROCEDURAL HISTORY

On September 6, 2022, Plaintiff served his Notice of Deposition on Defendants. On September 9, 2022, Defendant filed a motion to quash the subpoena without contacting Plaintiff's counsel to meet and confer regarding the discovery dispute. On September 12, 2022, the Court entered a minute order pointing out this procedural defect and ordered the parties to meet and confer in good faith. The parties met and conferred as to the objections that Defendants raised regarding Document Production Numbers

OPPOSITION TO MOTION TO QUASH
- 1 -

3 and 5. The parties were able to resolve the objections to Request Number 5 but could not come to an agreement on Number 3. Therefore, the parties contacted the Deputy Clerk and scheduled a telephonic discovery conference regarding Request Number 3.  Request Number 3 reads:

"A list of any and all assets currently owned by Defendant Zort, Inc. and Defendant Adam Iza, including, but not limited to any and all crypto currency holdings over the past five (5) years by either Zort Inc., or Adam Iza individually;"

At the conference, the Court narrowed the scope of Request Number 3 and ordered as follows:

"By October 18, 2022, Defendants shall produce the documents regarding (a) Plaintiff's account(s) with Defendants, including but not limited to the whereabouts of Plaintiff's account(s) and any account statements; (b) any funds transferred to Plaintiff's account with Defendants including but not limited to wire transfer receipts and bank statements evidencing such transfers or deposits; and (c) any funds transferred out of Plaintiff's account, including but not limited to wire transfer receipts, bank statements, or other documents showing who received Plaintiff's funds transferred out of Plaintiff's account(s)."

The Court further ordered that if Plaintiffs sought any additional documents, they could file an opposition to Defendants' Motion to Quash. Plaintiff now brings this opposition.

## II.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff has decided to bring this opposition because he wishes to demonstrate the true scale and deliberateness of Defendant's fraudulent conduct. Asking Defendants to respond to the broader scope of Document Request Number 3 will serve this end. The need for these documents is supported by the pattern of conduct shown by Adam Iza (and by extension Zort, Inc.), the relevance of what the documents will show, and the burden producing these documents will place on Defendants.

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

## A. **The Pattern of Conduct of Adam Iza and Zort, Inc.**

Here Plaintiff will summarize his own allegations against Adam Iza, the allegations contained in the two state court cases of which Plaintiff requested Judicial Notice, as well as the tenor of Defendants' position in this case thus far. The allegations against Adam Iza and all of his aliases and alter egos that have come to Plaintiff's attention so far are truly staggering. If a fraction of them proves true, there is a huge problem.

In this case, Plaintiff alleged that Defendants fraudulently induced him to send them over half a million dollars to be invested in cryptocurrency trading. Defendants claimed they had an artificial intelligence which would make trades on behalf of its clients to maximize returns. Defendants then claimed that it transitioned from this platform to a fund which pooled all of its investors for even greater returns. This was done to induce even more money from Plaintiff than what he sent initially. Once Plaintiff whished to cash out, Defendants threw up roadblocks, refused transparency, and ultimately terminated contact and refused to return hundreds of thousands of dollars based on a perceived slight against them by Plaintiff.

In the case of *Paramount Investigative Services, Inc. v Zort, Inc., et al.* attached as **Exhibit "A"** to Plaintiff's Request for Judicial Notice (Docket Number 44), it is alleged that Defendants hired private investigators to gather intel on individuals who he believed held large amounts of crypto currency. He fraudulently induced these private investigators on the basis that the individuals they were investigating had stolen cryptocurrency from Defendants. In Fact, Defendants were using the private investigators for gathering intel on individuals they wished to rob or defraud.

The case of *Tray Anthony Woody v Zort Inc., Adam Iza, et al.* is one such individual. (*See* **Exhibit "B"** to Plaintiff's Request for Judicial Notice, Docket No. 44) The allegations in this case are that Defendants met with Mr. Woody at the Roosevelt hotel in Hollywood, California to discuss crypto

investing. After Defendants learned that Mr. Woody had substantial crypto holdings both from their conversation at the Roosevelt Hotel and through his use of Paramount Investigative services, Adam Iza allegedly entered Mr. Woody's apartment and robbed him at gunpoint. Making off with a hard drive containing bitcoin worth millions of dollars.

Defendant has also taken troublesome positions in discovery so far. After Plaintiff served Requests for Production of documents, the Defendants responded that no such documents existed. Plaintiff then provided documents to Defendants' counsel which showed that Defendants should have documents responsive to the requests including contemporaneous text messages between the parties. Defendants then took the position that the text messages were not between the parties and that anyone could have been impersonating Defendants. Plaintiff then provided further communications which showed Adam Iza sending a picture of himself to Plaintiff. There were also communications between the parties when Plaintiff Asim Khan and his friend flew to Los Angeles and met Adam Iza. Those communications are from the same account which Defendant claims is someone else masquerading as Adam Iza. Even after this showing, Defendants have not supplemental their document production.

## B.  The Relevance of The Documents Requested.

Plaintiff by way of the complaint is claiming that the representations made by Defendants are false. Defendants represented that they were a cryptocurrency trading platform and then a cryptocurrency fund that held cryptocurrency for the benefit of third parties and traded on their behalf. Request Number 3 goes to the heart of this issue. Request 3 asks for, "A list of any and all assets currently owned by Defendant Zort, Inc. and Defendant Adam Iza, including, but not limited to any and all crypto currency holdings over the past five (5) years by either Zort Inc., or Adam Iza individually." If Defendants representations are true, then they will be able to show the cryptocurrency holdings to substantiate that claim. If the representations are not true, then the list of assets requested speaks to both

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

fraud and conversion showing how Defendants converted Plaintiff's funds. Defendants have made a public showing of their wealth, posting pictures on social media of exotic cars and luxury living. It is reasonable for Plaintiff to ask if his funds were used to fuel Defendants lifestyle rather than for investing.

There is an important aside regarding the nature of cryptocurrency relevant to both this section of the opposition and the next. Defendants can not claim and privacy or privilege with respect to the cryptocurrency it held for a third party. The very technology underlying cryptocurrency, the block chain, is a system of trust through transparency. Every cryptocurrency transaction is public and can be viewed by anyone. The information is distributed across thousands of separate individuals' computers and servers. Defendants can not claim any privilege as to this information.

C.  **The Burden to Defendant in Producing the Documents**.

The open nature of the transaction history also speaks to what burden Defendants would have in producing the requested documents. It is true that the records could potentially be voluminous, but they would not require any advanced expertise to prepare**.** This is because the cryptocurrency system itself keeps a record of transaction history. Once Defendants' cryptocurrency wallet number is identified every transaction that has ever taken place regarding that wallet can be tracked through a series of hyperlinks. If Defendants really are a platform for cryptocurrency trading as they claim to be, they certainly have software which could quickly compile this information autonomously. Otherwise, they would not be able to manage the business they claim to operate.  Accordingly, Plaintiff's request is not as burdensome as Defendants would have the Court believe.

### III.    ARGUMENT

Defendants' objection to the subpoena are premised on Federal Rule of Civil Procedure 26(b). First the objection claims, "the requested information is not proportional to the needs of the case because the

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

requested information is not relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1)." As shown above the documents requested speak to the Plaintiffs claims of fraudulent misrepresentation and conversion. The requested documents would also speak directly to the legitimacy of any defense raised by Defendants to those claims. Defendants represented that they were a cryptocurrency trading platform and then a cryptocurrency fund that held cryptocurrency for the benefit of third parties and traded on their behalf. The documents requested are at the heart of these representations and therefore are extremely relevant to the parties claims and defenses. Second, the objection claims the information sought is confidential and financial information. As shown above there can be no assertion of confidentiality when the information contained on the blockchain is publicly available. There is nothing confidential or "highly proprietary" about the documents requested. Nor have Defendants made any showing of the confidentiality or proprietary nature of their responses. They merely state it without foundation, support, or evidence.

## A. **Defendant Has the Burden of Proving That the Requested Information Is Protected**

Under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv), incorporated by Fed. R. Bankr. P. 9016, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

"The party seeking to quash bears the burden of demonstrating that the subpoena falls within one of these categories." *In re Pansier,* 2019 WL 1494560, at *2 (Bankr. E.D. Wis. Mar. 22, 2019); see also *In re Yassai,* 225 B.R. 478, 482 (Bankr. C.D. Cal. 1998) (J. Ryan) (holding that the movants had "not demonstrated that the information sought by Trustee is entitled to "protection as privileged or other protected matter). More specifically, the movant must demonstrate that the information sought is "privileged or other protected matter" or that compliance with the subpoena will subject the "person to

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

an undue burden." *See* Fed. R. Bank. P. 45(d)(3). "A party moving to quash on the grounds of undue burden . . . bears the burden of proof." *In re Yassai,* 225 B.R. at 483-84. "The burden is a heavy one." *See id.* at 484.

The Motion does not address the applicable standard for a motion to quash. Defendants have not demonstrated the existence of an applicable privilege or other protected right. Defendants only basis for quashing the subpoena, alleged financial privacy rights do not satisfy the standard. Because case law regarding banking and tax returns is more well developed than cryptocurrency, Plaintiff relies on those cases believing the issues to be analogous.

As held by the United State Supreme Court, depositors do not have a "legitimate expectation of privacy concerning the information kept in bank records. . . ." See *United States v. Miller*, 425 U.S. 435, 442 (1976). "[C]hecks are not confidential communications. . . ." They are "negotiable instruments to be used in commercial transactions." *See id*. Other documents, such as "financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course." *See id*. Bank records are not the "'private papers'" of the depositor, but are "the business records of the bank." *See id.*

"Under federal law, tax returns are generally discoverable where necessary in private civil litigation." *Young v. United States,* 149 F.R.D. 199, 201 (S.D. Cal. 1993). In fact, "tax returns are not subject to any greater degree of protection than other private financial information." *See Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp*., 2009 WL 3320421, at *1 (N.D. Cal. 2009) (citing Stokwitz v. United States, 831 F.2d 893 (9th Cir.1987)). In *Advanced Microtherm*, the District Court held that the Ninth Circuit's decision in *Premium Service Corp*., does not require that a party seeking discovery of tax returns show a "compelling need[.]" *See id.* at *1. Moreover, the District Court stated that the Ninth Circuit's "much more thorough analysis" in *Stokwitz* established the appropriate

OPPOSITION TO MOTION TO QUASH
- 7 -

standard for discovery of tax returns, i.e., that they are not entitled to any greater protection. *See id.* at *2.

These case law here shows that merely claiming some nebulous financial confidentiality is not enough to quash a subpoena. The motion does not carry its burden of establishing a cognizable legal theory of privilege or confidentiality to justify granting the motion to quash.

### IV.   CONCLUSION

Since the motion to quash bears the burden of establishing its claims and fails to do so the Court should deny the motion to quash. Also, as shown above the merits weigh in favor of allowing Document Request 3 to stand unaltered.  There is another issue which the document production can lead to. It may show how many other people were defrauded by Defendants. This document production could serve to help bring justice for other individuals defrauded by Defendants but currently unknown to the parties.


Dated: September 22, 2022                         THE BENSAMOCHAN LAW FIRM, INC.

                                                  By:    /s/Eric Bensamochan
                                                         Eric Bensamochan, Esq.
                                                         Counsel for Asim Khan

The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd, Suite 215
Beverly Hills, California

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or proceeding.  My business address is:

9025 Wilshire Blvd., Suite 215
Beverly Hills, CA 90211

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION TO QUASH** will be served or was served in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 7, 2022, I checked the CM/ECF docket for this case or proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Donald E. Godwin: godwin@godwinbowman.com
Bryan Christopher Swaim: swaim@bordinsemmer.com
Andrew J. CoboS: andrew@cobos.law

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 7, 2022, I served the following persons and/or entities at the last known addresses in this case or proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2022 | /s/Daniel Phelan | /s/Daniel Phelan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |