BORDIN SEMMER, LLP
6100 Center Dr., Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120
Bryan C. Swaim (Local Counsel), SBN 289829
bswaim@bordinsemmer.com

GODWIN BOWMAN PC
1201 Elm St., Ste. 1700
Dallas, TX 75270
Telephone: (214) 939-4412
Facsimile: (214) 527-3112
Donald E. Godwin (*admitted Pro Hac Vice*), Texas SBN 08056500
dgodwin@godwinbowman.com
Attorneys for Defendants Zort, Inc. and Adam Iza

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIM KHAN;<br><br>                               Plaintiff,<br><br>vs.<br><br>ZORT, INC. AND ADAM IZA;<br><br>                               Defendants | Case No.: 2:21-cv-08681-MFW-AGR<br><br>**REPLY TO PLAINTIFF ASIM KHAN'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH THE PRODUCTION OF CERTAIN DOCUMENTS CONTAINED IN PLAINTIFF'S NOTICE OF DEPOSITION**<br><br>**<u>Telephonic Hearing:</u>**<br>**Date: October 21, 2022**<br>**Time: 10:30 am** |

- 1 -

**TO THE HONORABLE ALICIA G. ROSENBERG, UNITED STATES MAGISTRATE JUDGE, PLAINTIFF, AND HIS ATTORNEY OF RECORD:**

Defendants Zort, Inc. ("Zort") and Adam Iza ("Iza") (collectively, "Defendants"), by and through their undersigned counsel, file this Reply to Plaintiff Asim Khan's Opposition to Defendants' Motion to Quash the Production of Certain Documents Contained in Plaintiff's Notice of Deposition, and state as follows:

### SUMMARY

1.      On September 6, 2022, Plaintiff served his Notice of Deposition on Defendants. On September 23, 2022, the parties had a hearing before the Honorable Alicia G. Rosenberg wherein the Court narrowed the scope of Request Number 3 in Plaintiff's Notice of Deposition. Expanding the scope, as Plaintiff now requests, to include a list of "any and all assets currently owned by Defendant Zort, Inc. and Defendant Adam Iza" is exceptionally overbroad, harassing, and disproportionate to the needs of the case. Such a request is also not reasonably calculated to lead to the discovery of admissible evidence.

2.      In an attempt to muddy the waters, Plaintiff alleges irrelevant and fallacious matters in his Opposition to Defendants' Motion to Quash. Plaintiff's conclusory allegations do not change the fact that a request for "any and all assets

currently owned by [Defendants]" is outside the scope of discovery allowed under the Federal Rules of Civil Procedure. Moreover, Plaintiff is not entitled to protected financial information. As a result, the Court should not allow Plaintiff to expand the scope of Request Number 3, after the Court already narrowed it.

## **ARGUMENT**

### A.       **Plaintiff Alleges Irrelevant and Fallacious Matters.**

3.       As an initial matter, Plaintiff improperly uses his Opposition to Defendants' Motion to Quash as a vehicle to throw in numerous accusations against Defendants completely unrelated to Defendants' Objections and Motion to Quash Plaintiff's Notice of Deposition.

4.       Plaintiff's reference to two unrelated state court cases of which Plaintiff requested Judicial Notice are completely irrelevant.[1] As the case Plaintiff cites in his request for judicial notice states, a Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a **direct** relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (emphasis added). These other proceedings in

---

[1] On September 23, 2022, the Court granted Plaintiff's request for judicial notice, though no discussion on the same occurred at the discovery conference regarding Defendants' Objections and Motion to Quash Plaintiff's Notice of Deposition. *See* Dkt. No. 45. Defendants respectfully request that the Court reconsider its granting of Plaintiff's request for judicial notice, and Defendants reserve the right to file a motion to reconsider the Court's ruling, if necessary.

other courts do not have a direct relation to the matters at issue here. Moreover, the case Plaintiff cites to in an attempt to bring in such irrelevant records is completely factually dissimilar to our case. The case Plaintiff cites to concerns a habeas corpus appeal by a petitioner who was convicted for murder and attempted murder, wherein the Court of Appeals took judicial notice of documents from petitioner's state-court habeas petition in determining whether the period for filing the federal habeas petition was statutorily tolled—the Court held that the documents were directly related to timeliness of state habeas petition. Nothing about that case is factually similar to our case, and there is no issue of whether the period for filing a federal habeas petition is statutorily tolled. Likewise, the two unrelated state court cases containing allegations mentioned by Plaintiff have nothing to do with this case, let alone a "direct relation" to the matters at issue.[2]

5.      Moreover, contrary to Plaintiff's suggestion, Defendants have not intentionally hindered discovery in this case, as Defendants cannot make documents that do not exist, exist. Additionally, Defendants have, in fact, turned over many documents in Defendants' possession to Plaintiff such as bank records.

---

[2] No final determinations in those two unrelated state court cases have been made yet.

**B.     Expanding the Scope of Request Number 3 To "All Assets" Is Outside the Scope of Discovery Allowed Under the Federal Rules of Civil Procedure.**

6.     As stated in Defendants' Motion to Quash, the requested information in Request Number 3 is outside the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1), as the requested information is not relevant to Plaintiff's claims. Fed. R. Civ. P. 26(b)(1). Defendants objected and averred that the scope of the matters in inquiry should be limited to the matters at hand, and the Court did so when the Court narrowed the scope.

7.     Contrary to Plaintiff's contention, Request Number 3 does not go "to the heart of [whether or not Defendants' representation that they were a cryptocurrency trading platform and then a cryptocurrency fund that help cryptocurrency for the benefit of third parties and traded on their behalf]" is false. A list of "any and all assets" currently owned by both Defendants is exceptionally overbroad, harassing, and disproportionate to the needs of the case. Such a request is also not reasonably calculated to lead to the discovery of admissible evidence.

8.     Plaintiff is not entitled to a fishing expedition solely because Defendant Adam Iza has purchased cars and/or Plaintiff has allegedly seen pictures of "luxury living" on social media. *See* Plaintiff's Opposition, p. 4-5. Plaintiff is unreasonably attempting to be allowed access to a list of all assets currently owned by both Defendants simply because Defendant Adam Iza has paid for certain

material things and because of perverse speculation by Plaintiff. Accordingly, the Court should not allow Plaintiff to expand the scope of Request Number 3, after the Court already narrowed it.

## C.     <u>Plaintiff Is Not Entitled to Protected Financial Information</u>

9.     At the outset, California law protects the right to privacy, and "[t]hese privacy rights are generally recognized in federal court." *E.E.O.C. v. Braun Elec. Co.*, No. 1:12-CV-01592-LJO, 2014 WL 356998, at *6 (E.D. Cal. Jan. 24, 2014). The California Supreme Court has recognized that California's constitutional right of privacy "extends to one's confidential financial affairs as well as to the details of one's personal life." *Buchholtz v. Rogers Ben. Group, Inc.*, No. 12-CV-2167-BEN DHB, 2013 WL 1694830, at *5 (S.D. Cal. Apr. 18, 2013). Federal courts in California have determined the right to privacy under California law "extends to financial privacy in litigation, but ... is subject to balancing the needs of the litigation with the sensitivity of the information/ records sought." *Braun*, 2014 WL 356998 at *6. The constitutional right of privacy does not provide absolute protection against disclosure of personal information; rather it must be balanced against the countervailing public interests in disclosure. *Buchholtz*, 2013 WL 1694830, at *5. In determining whether disclosure is required, the court must indulge in a "careful balancing" of the right of a civil litigant to discover relevant facts, on the one hand, and the right of others to maintain reasonable privacy

regarding their sensitive personal affairs, on the other. *Id*. The court must consider the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure and availability of alternative, less intrusive means for obtaining the requested information. *Id*. Based on an application of these facts, the more sensitive the nature of the personal information that is sought to be discovered, the more substantial the showing of the need for the discovery that will be required before disclosure will be permitted. *Id.*

10.    In *Buchholtz*, the Court analyzed whether it should quash a plaintiff's subpoena seeking financial and retirement account records. In reaching its determination, the Court analyzed whether a subpoenaed party's right to keep his financial and retirement account information private outweighed the plaintiff's need for the information. *Id*. The Court held that the likelihood that disclosure of the subpoenaed party's financial and retirement account information would lead to admissible evidence was "remote." *Id*. Furthermore, because disclosure of the subpoenaed party's financial and retirement account information would invade his right to privacy under the California Constitution, and because such information is sought to pursue a speculative argument, the Court held that the subpoenaed party's

interest in maintaining the privacy of these records outweighed the plaintiff's need for the records. *Id*.

11.    The Court in *Braun* noted that information requested by a plaintiff (in another case before the same court) was "quite broad" because the plaintiff "requested information as to all of Defendant's assets, liabilities, expenses, loans, loan payments, debts, taxes, income and bank accounts during the period from 2007 to the present." *Braun*, 2014 WL 356998 at *5. The Court, holding that the defendant's financial information in *Braun* was relevant and within the scope of discovery pursuant to the Federal Rules of Civil Procedure, stated that, in contrast, "the information sought by Plaintiff is narrower in scope because the EEOC does not seek information such as Defendant's assets, liabilities, loan payments, or debts." *Id.*

12.    Here, Plaintiff has wholly failed and cannot satisfy his substantial burden to seek and obtain sensitive and protected personal and financial information in the form of a list of "all assets." Plaintiff is attempting to request the "quite broad" information as to all of Defendants' assets. Though Plaintiff specifically refers to tax returns and checks, Plaintiff is not merely asking for tax returns and checks—Plaintiff is asking for a "list of any and all assets." Moreover, Defendants have recently produced bank records to Plaintiff in this litigation.

Plaintiff's request invades Defendants' right to privacy and is sought by Plaintiff to pursue a speculative argument. Plaintiff cannot show that the extremely intrusive request for a list of all of Defendants' assets is necessary to this litigation and outweighs the sensitivity of the information sought. Defendants' right to keep their financial information private outweighs Plaintiff's need for the information. Plaintiff cannot be allowed uncontrolled and unnecessary discovery of all of Defendants' assets.

## CONCLUSION

13. Accordingly, Defendants respectfully request that the Court grant Defendants' Motion to Quash as to Request Number 3, deny Plaintiff's request to allow Request Number 3 to stand unaltered, and award Defendants such other relief as the Court may deem appropriate or as may be permitted by law.

Dated October 18, 2022

Respectfully submitted,

**GODWIN | BOWMAN  PC**

**Donald E. Godwin** (*admitted Pro Hac Vice*)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:    214.939.4412
Fax:   214.527.3112

**Bryan C. Swaim** (*Local Counsel*)
California State Bar No. 289829
bswaim@bordinsemmer.com

Bordin Semmer, LLP
6100 Center Dr., Suite 1100
Los Angeles, CA 90045
T: 323.457.2110
F: 323.457.2120

ATTORNEYS FOR DEFENDANTS
ZORT, INC. AND ADAM IZA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2022, a true and correct copy of the above and foregoing document was served via the Court's CM/ECF notification system.

_____

Bryan C. Swaim (*Local Counsel*)