BORDIN SEMMER, LLP
6100 Center Dr., Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120
Bryan C. Swaim (Local Counsel), SBN 289829
bswaim@bordinsemmer.com

GODWIN BOWMAN PC
1201 Elm St., Ste. 1700
Dallas, TX 75270
Telephone: (214) 939-4412
Facsimile: (214) 527-3112
Donald E. Godwin (*admitted Pro Hac Vice*), Texas SBN 08056500
dgodwin@godwinbowman.com
Attorneys for Defendants Zort, Inc. and Adam Iza

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIM KHAN;<br><br>                    Plaintiff,<br><br>vs.<br><br>ZORT, INC. AND ADAM IZA;<br><br>                    Defendants | Case No.: 2:21-cv-08681-MFW-AGR<br><br>**DECLARATION OF ADAM IZA** |

**TO THE HONORABLE ALICIA G. ROSENBERG, UNITED STATES MAGISTRATE JUDGE, PLAINTIFF, AND HIS ATTORNEY OF RECORD:**

- 1 -

Defendants Zort, Inc. ("Zort") and Adam Iza ("Iza") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this declaration pursuant to this Court's Minute Order dated November 4, 2022 (Docket No. 54) as follows:

## DECLARATION OF ADAM IZA

1. "My name is Adam Iza. I am over twenty-one (21) years of age and fully competent to make this declaration. The facts herein are true and correct and are within my personal knowledge.

2. I am the Chief Executive Officer (CEO) of Zort, Inc., and am a Defendant in the above-captioned case.

3. Pursuant to this Court's Minute Order (Docket No. 54) (the "Minute Order"), on or before November 9, 2022, Asim Khan ("Plaintiff") has been asked to provide documentation of the transfers of cryptocurrency that he allegedly made to one or both of the Defendants.

4. Pursuant to the Minute Order, on or before November 22, 2022, I have been ordered to produce "documentation for (a) each cryptocurrency deposit Defendants received from Plaintiff's originating wallet address; and (b) cryptocurrency deposits received on or about the date(s) of each transfer for which Plaintiff provides documentation pursuant to [the Minute Order]."

5.     On November 9, 2022, Plaintiff executed a declaration ("Plaintiff's Declaration") wherein he alleges he made numerous transfers of cryptocurrency to various accounts, referred to therein as "Destination Addresses."[1] The Destination Addresses, referred to in Plaintiff's Declaration, and the corresponding exhibits allegedly reflecting the Destination Addresses are listed as follows:

      a.  Destination Address:
         335NbUt6BRmKx6gV3Ks5rz8VuutU4CHXrn;
         Exhibit 3;

      b.  Destination Address:
         0x8785600116673f6dfbdb1ec55d0df838917c60fa;
         Exhibits 4-8;

      c.  Destination Address:
         0xd70e1eed6de06f60947e419dddbba045fe55b0bf;
         Exhibit 9-12;

      d.  Destination Address:
         33qdTvfP5EsQ5YTjFf7FZmwgTYvzL3wnMj;
         Exhibits 14-15;

      e.  Destination Address:
         0xD960471F14d51D39db808C0CA707A1983ABa666D;
         Exhibit 16-19;

      f.  Destination Address:
         0x310626c412811354024B3cEc7F222743c89CD58B;
         Exhibit 20-23;

---

[1] Unless otherwise stated herein, all capitalized terms shall be defined as set forth in Plaintiff's Declaration.

g. Destination Address:
0x91F7108608aB5dD946FD1A0Aa87848D2CdDA6952;
Exhibit 24-27;

h. Destination Address:
0xaB52f8142894D8e13F9D02b5F9fED4766Ac44A46;
Exhibits 28-31;

i. Destination Address:
0xD2336f96Db745FD5615C5Abea2506eaC76e374b7
Exhibits 32-35;

j. Destination Address:
0xB5756Dfe14A1b661b3cB969e6adCCC8F542809e7
Exhibits 36-39;

k. Destination Address:
0x768969B88a3c8F9C6b601fb496c3c8CdE07C5b5b
Exhibits 40-43.

6.     It is apparently Plaintiff's position that some or all of the above listed Destination Addresses are under one or both of Defendants' possession, custody, or control. However, at no point in time have myself or Zort ever had any possession, custody, or control over these Destination Addresses whatsoever. Additionally, to my knowledge, at no point in time has anyone acting on my behalf or on behalf of Zort, whether as an agent, representative, or otherwise, ever had any possession, custody, or control whatsoever over these Destination Addresses.

7.     I have no knowledge whatsoever as to the identities of the owner(s) or custodian(s) of the above listed Destination Addresses.

8.      To my knowledge, neither myself nor Zort, nor anyone acting on either's behalf with their knowledge or consent, have ever had any relation to the above referenced Destination Addresses. Thus, I am incapable of producing any documents showing any transfers to or from the Destination Addresses, as the accounts associated with the Destination Addresses are not within my possession, custody, or control.

9.      To my knowledge, neither myself, Zort, nor anyone acting on either's behalf have ever had possession, custody, or control over the Telegram account in Plaintiff's Declaration with the screenname "Zort Admin." If, in fact, the messages appearing in Plaintiff's Declaration are true and accurate depictions of actual communications between Plaintiff and someone purporting to act on either of the Defendants' behalf, those communications were sent without my knowledge, awareness, consent, direction, and/or permission.

10.     I am not aware of any other ledgers, accounts, wallets, or other documents, digital or otherwise, that would reflect any transfers of any type of currency, digital or otherwise, from Plaintiff to either of the Defendants or persons acting on behalf of either of the Defendants with either of the Defendants' knowledge or consent. If such transfers exist, they were not made with either of the Defendants' prior knowledge, awareness, consent, direction, and/or permission.

11. Zort currently does business with the a wallet that has the following destination address: 0x035edB8792dFC16fb4dE9A1992890dDd3F7750F1 (the "Zort Address"). A screenshot of the Zort Address can be found attached to this declaration as **Exhibit 1**. To my knowledge, there are no transactions wherein Plaintiff made any transfers to the Zort Address.

12. Prior to using this Zort Address, Zort registrants paid their subscription fees through an auto-generated crypto wallet provided by a third-party provider, known as coinpayment.net. Coinpayment.net accepts payments from numerous cryptocurrencies, and then paid Zort the equivalent value of the crypto currency in fiat money. I have no possession, custody, or control over any records from coinpayment.net that would reference any clients' money, as the purpose of using this system was to preserve the Zort users' confidentiality. Likewise, to my knowledge, this system would not show the transactions enumerated by the Destination Addresses.

13. At no point in time were any subscription fees for Zort in the amounts that Plaintiff has claimed through Plaintiff's Declaration. To my knowledge, no Zort registrant has ever paid Zort over $20,000 a month for any of Zort's products.

14. Additionally, Plaintiff has presented to the Court alleged screenshots representing communications between himself and the purported Zort Admin,

which Defendants deny any relation to as detailed above. I deny in whole the veracity of the entirety of these screenshots, and, more specifically, point to Plaintiffs' Exhibit 2 as representative of the suspect nature of these alleged screenshots. On Plaintiff's Exhibit 2, Page ID #:326, the purported Zort Admin allegedly generated a "Zort account" for Plaintiff, with the login "Baileysaab," which presumably, was intended to allow Plaintiff access to Zort via the provided link, portal.zort.com. However, Zort has never provided any Zort registrant a username in this format to access portal.zort.com. Any Zort registrant actually accessing portal.zort.com accesses the website by using an email account, not a username. Simply navigating any browser to portal.zort.com would reveal this login screen, which has not materially changed since its inception. A screenshot of the login screen is attached as **Exhibit 2**.

15.    This log in discrepancy is but one small, yet representative, fact supporting my denial of the veracity of any of the screenshots presented to the Court. Although the transactions detailed by Plaintiff may be represented by "transaction hashes," confirming their existence, to my knowledge, these transactions did not actually occur between Plaintiff and myself, Zort, or any of Defendants' representatives. To my knowledge, neither of the Defendants, or any representative thereof, have any relation to the transactions enumerated by Plaintiff.

16. I declare under penalty of perjury that the foregoing is true and correct."

Executed on November 22, 2022.

_____

Adam Iza