UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ASIM KHAN,

        Plaintiff,

          v.

ZORT, INC., et al.,

        Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)

NO. CV 21-8681-MWF (AGR)


REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court submits this Report and Recommendation to the Honorable Michael W. Fitzgerald, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.

On March 10, 2023, Plaintiff filed a motion for terminating sanctions against Defendants. (Dkt. No. 71.) Defendants filed an opposition and objections to evidence. (Dkt. Nos. 76-79.) Plaintiff filed a reply and responses to the objections to evidence. (Dkt. Nos. 80-82, 86-87.) The matter came on for hearing on April 11, 2023.

For the reasons set forth below, the court recommends that Plaintiff's Motion for Terminating Sanctions be denied.

**I.**

**<u>PROCEDURAL HISTORY</u>**

On September 9, 2022, Defendants filed Objections and Motion to Quash Plaintiff's Notice of Deposition of Defendant Adam Iza individually and as the Rule 30(b)(6) designated witness for Defendant Zort, Inc.  (Dkt. No. 39.) Defendants objected to Document Request Nos. 3 and 5 in the notice of deposition.  Following the Order dated September 12, 2022 (Dkt. No. 42), counsel advised that they had resolved Document Request No. 5 but could not resolve the objections to Document Request No. 3.  The court set a telephonic discovery conference on September 23, 2022.  Plaintiff filed a request for judicial notice of two filed complaints, which the court granted.  (Dkt. Nos. 44, 45.)

By Order dated September 23, 2022, the court denied in part Defendants' motion to quash and ordered as follows:

> By October 18, 2022, Defendants shall produce the documents regarding (a) Plaintiff's account(s) with Defendants, including but not limited to the whereabouts of Plaintiff's account(s) and any account statements; (b) any funds transferred to Plaintiff's account with Defendants including but not limited to wire transfer receipts and bank statements evidencing such transfers or deposits; and (c) any funds transferred out of Plaintiff's account, including but not limited to wire transfer receipts, bank statements, or other documents showing who received Plaintiff's funds transferred out of Plaintiff's account(s).

To the extent Plaintiff sought any additional documents, the court set a briefing schedule and a further hearing on November 4, 2022.  The court referred counsel to the form protective order available on this court's

procedures page.  (Order, Dkt. No. 45.)

After the hearing on November 4, 2022, the court issued an order noting that the parties did not appear to have made sufficient progress complying with the Order dated September 23, 2022.  The court ordered as follows:

1.  On or before November 9, 2022, Plaintiff shall produce documentation for each transfer of cryptocurrency that he made to Defendants and that is at issue in this litigation.  The documentation should including the date, originating wallet address, amount, destination wallet address, and any other identifying information.

2.  On or before November 22, 2022, Defendants shall produce documentation for (a) each cryptocurrency deposit Defendants received from Plaintiff's originating wallet address; and (b) cryptocurrency deposits received on or about the date(s) of each transfer for which Plaintiff provides documentation pursuant to paragraph 1 above.

3.  Counsel shall confer regarding further steps needed to comply with the Order dated September 23, 2022.  If counsel cannot agree, counsel shall request a telephonic or zoom discovery conference with the court.

(Order, Dkt. No. 54.)

Plaintiff filed a declaration on November 9, 2022 that contained the information described in Paragraph 1 of the Order dated November 4, 2022. (Dkt. No. 55.)  In response, Defendant Adam Iza filed a declaration on November 23, 2022.  (Dkt. No. 56.)  Plaintiff filed a responsive declaration on January 13, 2023.  (Dkt. No. 58.)  The parties did not request a discovery conference with the court pursuant to Paragraph 3 of the November 4, 2022 order.

Plaintiff served a subpoena upon third party Coinbase.  (Dkt. No. 57 at 24-30.)  The subpoena essentially requested account information for accounts held

3

or formerly held by Adam Iza or Zort, Inc.  (*Id.* at 29.)  By order dated January 31, 2023, as relevant here, the court denied Defendants' motion to quash the subpoena to Coinbase Inc.  (Order, Dkt. No. 63.)

**II.**

**DISCUSSION**

Plaintiff seeks terminating sanctions under Fed. R. Civ. P. 37(b)(2)(A) and the court's inherent authority based on Defendants' alleged violation of the Order dated November 4, 2022 and Defendant Iza's alleged perjury in his declaration filed November 23, 2022.

### A.  Legal Standards

Under Rule 37, district courts have broad discretion to impose a wide range of sanctions when a party fails to comply with discovery or with court orders to provide or permit discovery.  Fed. R. Civ. P. 37; *Wyle v. R.J. Reynolds Industries*, 709 F.2d 585, 589 (9th Cir. 1983).

"'[W]here the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.'" *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).  A district court must weigh five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted).  Under the fifth factor, courts consider the sub-factors of "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.*  These factors, however, are "not a set of conditions precedent for sanctions or a script that the district court must follow." *Id.*  "Although it is preferred, it is not required that the district court make

4

explicit findings in order to show that it has considered these factors." *Id.*

Alternatively, Plaintiff relies on the court's inherent authority to impose sanctions. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). A court may impose sanctions under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47 & n.10 (1991); *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). In *Fink*, the Ninth Circuit used to the term "bad faith" to refer to "a broad range of willful improper conduct." *Fink*, 239 F.3d at 992. On the other hand, in the case of a chronically late attorney, for example, "mere tardiness does not demonstrate the improper purpose or intent required for inherent power sanctions." *Id.* (citation omitted). Similarly, a court "may not sanction mere 'inadvertent' conduct" under its inherent authority. *Id.* at 993 (citing *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989)).

Sanctions may be imposed under a court's inherent authority "when an attorney has acted recklessly if there is something more – such as an improper purpose." *Id.*; *see also id.* at 993-94 (recklessness plus frivolousness, harassment or improper purpose). The Ninth Circuit reiterated that standard in *Ibrahim v. United States Dep't of Homeland Sec.*, 835 F.3d 1048, 1057 (9th Cir. 2016). It is improper, however, "'to infer nefarious intent or bad faith' from 'ordinary discovery errors.'" *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (quoting *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988,, 993 (8th Cir. 1999)). A court inquires "whether the producing party's search and response were objectively reasonable under the circumstances, not whether the search and response were error-free." *Id.*

**B. Terminating Sanctions Are Not Warranted Based on the Order Dated November 4, 2022**

As discussed above, the Order dated November 4, 2022 required that Defendants "produce documentation for (a) each cryptocurrency deposit Defendants received from Plaintiff's originating wallet address; and (b) cryptocurrency deposits received on or about the date(s) of each transfer for which Plaintiff provides documentation pursuant to paragraph 1 above." (Order, Dkt. No. 54.)

After the November 4, 2022 court order, Plaintiff filed a declaration in which he stated that he has a Coinbase account with the screen name "AntiSocialMob." (Khan Decl. ¶ 4, Dkt. No. 55.)

In his declaration, Plaintiff identified 11 transfers of crypto at issue in this case that were made to various destination addresses in 2020. (*Id.* ¶¶ 9-68.) Of these 11 transfers, Plaintiff did not locate corresponding deposits in Coinbase accounts associated with a Defendant for the first three transfers on February 10, April 3 and May 3, 2020. Plaintiff's motion identifies 8 subsequent transfers that he contends have corresponding deposits on the same date and for the same amount in the Coinbase account of Defendant Iza. (Motion at 8-9, Dkt. No. 71 (noting transfers on 5/14/20 for 5 bitcoin; 5/15/20 for 46,442 USDC (United States Dollar Coin) and 45,805 USDC; 5/18/20 for 50,000 USDC; 5/19/20 for 24,237 USDC; 9/14/20 for 50,000 USDC; 9/15/20 for 50,000 USDC; and 9/17/20 for 200,000 USDC).) For these 8 transfers, Plaintiff provides destination addresses that he used and hash values.[1]

---

[1] Defendants' objections to evidence of the 8 transfers in the Coinbase statements are overruled based on Mr. Bensamochan's subsequent declaration and production of the statements produced by Coinbase in Dkt. Nos. 86-87. (*See* Dkt. No. 79 (Defendants' objection to Paragraph 7 of Bensamochan Decl. filed in support of motion).

Defendants' objections to evidence of the destination addresses Plaintiff states that he used for his transfers are overruled. Defendants do not explain why Plaintiff cannot lay a foundation for the destination addresses he used. (*See*

Defendant Iza's declaration lists the destination addresses identified in Plaintiff's declaration.  (Iza Decl. ¶ 5, Dkt. No. 56.)  As relevant here,[2] Iza represents as follows:

(1) "[A]t no point in time have myself or Zort ever had any possession, custody or control over these Destination Addresses whatsoever."  (*Id.* ¶ 6.)[3]  Iza makes the same representation as to anyone acting on behalf of himself or Zort.

(2) "Thus, I am incapable of producing any documents showing any transfers to or from the Destination Addresses, as the accounts associated with the Destination Addresses are not within my possession, custody, or control."  (*Id.* ¶ 8.)

(3) "I am not aware of any other ledgers, accounts, wallets, or other documents, digital or otherwise, that would reflect any transfers of any type of currency, digital or otherwise, from Plaintiff to either of the Defendants . . . .  If such transfers exist, they were not made with either of the Defendants' prior knowledge, awareness, consent, direction, and/or permission."  (*Id.* ¶ 10.)

Coinbase has since produced account statements, including an account statement for Defendant Iza.  Plaintiff acknowledges that Coinbase's production "was the primary motivating factor for bringing this motion." (Motion at 8.)

The Coinbase account statement identifies a deposit into the account and,

Dkt. No. 78.)  Any remaining evidentiary objections are to evidence on which this court does not rely and are therefore moot.

[2] Plaintiff also challenges the veracity of Iza's representations concerning the Telegram communications described in Plaintiff's declarations.  The parties vehemently dispute the authenticity of the Telegram communications, and it is unclear on what basis the court can resolve the credibility of the parties.  It appears that resolution of this dispute overlaps with the merits of Plaintiff's claims.  In any event, the Telegram communications do not form the basis for sanctions resulting from alleged noncompliance with the November 4, 2022 court order and do not change the outcome or analysis of this Report.  For all of these reasons, the court does not address the Telegram communications at this time. The evidentiary objections to this evidence are moot.

[3] Iza provides the current destination address for the Zort account.  (Iza Decl. ¶¶ 11-12.)

for each deposit, the date and amount in crypto and USD.  The account statement does not identify either the source of the crypto deposit or the destination address(es) associated with Defendant's account.  (Exh. E to Bensamochan Decl.; *see also* Exh. F, Dkt. No. 87.)  Accordingly, one cannot tell from the account statement whether Plaintiff was the source of the funds for the deposit or whether the destination address used by Plaintiff is in fact associated with Defendant's Coinbase account.

In his reply brief, Plaintiff argues that Iza's claim that "the accounts associated with the Destination Addresses are not within my possession, custody, or control" is a willful and deliberate misrepresentation.  (Reply at 4; *see* Iza Decl. ¶ 8.)  Citing online articles, Plaintiff attempts to explain what destination addresses are and contends it would be difficult to trace them to Defendant's account.  Plaintiff's arguments are not a substitute for evidence from Coinbase, an expert, or someone else as to whether it is possible to identify Plaintiff as the source of a crypto transfer into Iza's Coinbase account and whether it is possible to trace a destination address to Iza's Coinbase account.  For example, Exhibit B to the reply brief suggests that Coinbase or the account holder could identify destination addresses associated a particular Coinbase account.[4]  (Dkt. No. 82 at 17-18.)  Apparently, Coinbase has not produced the destination addresses associated with Iza's account.  Plaintiff has not otherwise demonstrated that Iza failed to search the destination addresses associated with his account.  (*See* Iza Decl. ¶¶ 4-6, Dkt. No. 76 at 23.)  Absent such evidence, Plaintiff has not shown a willful misrepresentation in Iza's declaration, or that Iza or Zort failed to produce

---

[4]  The material states:  "You may have multiple addresses associated with a single crypto asset.  You can use any of these addresses, as long as it is the correct address type for the crypto you wish to use.  Don't be alarmed if you see addresses that you don't remember creating.  We used to automatically generate a new address for every transaction and whenever we moved funds between your balance and our cold storage system."  (Dkt. No. 82 at 18-19.)  There is nothing in the record to indicate the time period when Coinbase generated a new address for every transaction.

documentation for each crypto deposit Defendants received from Plaintiff's originating wallet address in compliance with the November 4, 2022 Order. *See, e.g., Palmer v. Cognizant Tech. Sols. Corp.*, 2022 U.S. Dist. LEXIS 198737, *59 (C.D. Cal. Oct. 27, 2022) (denying sanctions; noting defense exhibit against weight of evidence was not thereby rendered falsified); *Raiser v. City of Temecula*, 2018 U.S. 178731, *8-*10 (C.D. Cal. Sept. 10, 2018) (noting, in contrast to cases in which there was no doubt perjury was committed, defense declarations that conflicted with audio recording or other discovery responses did not constitute perjury or show bad faith sufficient for terminating sanctions),[5] *accepted*, 2018 U.S. Dist. LEXIS 178832 (C.D. Cal. Oct. 17, 2018), *aff'd*, 2022 U.S. App. LEXIS 28479, *2 (9th Cir. Oct. 13, 2022) (affirming denial of terminating sanctions).

Plaintiff also argues that Iza's claim that he is "not aware of any other ledgers, accounts, wallets, or other documents, digital or otherwise, that would reflect any transfers of any type of currency, digital or otherwise, from Plaintiff to either of the Defendants" is also a willful and deliberate misrepresentation. Plaintiff's argument fails for the same reasons. Because Coinbase's documents produced to date do not show the source of the crypto deposits or the destination addresses associated with Iza's Coinbase account, Plaintiff's evidence does not demonstrate that Iza's declaration is false, much less willfully false.

Alternatively, the November 4, 2022 Order required Defendants to produce documentation of "cryptocurrency deposits received on or about the date(s) of each transfer for which Plaintiff provides documentation pursuant to paragraph 1 above." (Order, Dkt. No. 54.) Plaintiff contends that Defendants should have produced documentation of any deposits that matched the date and amount of

---

[5] *Raiser* used a criminal definition of perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

crypto transfers identified by Plaintiff in his declaration filed November 9, 2022 regardless of whether Iza or Zort know that such deposits came from Plaintiff. At oral argument, Plaintiff's counsel confirmed that his firm had gone through the Defendants' account statements produced by Coinbase and could not find corresponding deposits for the first transfers made by Plaintiff in any of Defendants' accounts. For the next eight transfers, however, Plaintiff's counsel represented that there is a corresponding deposit into Defendant Iza's Coinbase account on the same date and for the same crypto amount as Plaintiff's transfer.

Defendants' opposition brief does not appear to address this alternative contention. Even assuming Defendants should have read the November 4, 2022 Order in the manner Plaintiff contends, terminating sanctions would not be warranted. "'Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.'" *Payne*, 121 F.3d at 507. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Connecticut Gen.*, 482 F.3d at 1097 (footnote omitted).

The third factor – risk of prejudice to Plaintiff – cuts against terminating sanctions. With respect to prejudice, the court inquired at oral argument whether Plaintiff has the Coinbase account statements for Defendants that would be responsive to the court orders dated September 23 and November 4, 2022. Plaintiff did not indicate any missing Coinbase account statements. The court concludes that Plaintiff has not shown prejudice that would threaten to interfere with the rightful decision of the case on the merits. *See ChromaDex, Inc. v. Elysium Health, Inc.*, 535 F. Supp. 3d 906, 913 (C.D. Cal. 2021) (denying terminating sanctions when two defense witnesses filed declarations admitting they lied in deposition about executive's cocaine use; "ordinary adversary process

10

of litigation is an adequate remedy" such as use of documents to show jury witnesses lied under oath); *Raiser*, 2018 U.S. Dist. LEXIS 178731, *15-*16 (noting plaintiff could use inconsistencies to cross examine and impeach defense witnesses).

The fifth factor – availability of lesser sanctions – also cuts against terminating sanctions.  The court asked defense counsel to confirm that Defendants' document production is complete and, if not, to complete production within 14 days after entry of this report and recommendation.  Specifically, defense counsel should confirm that Iza identified destination addresses for his Coinbase account and ascertained whether the destination addresses identified by Plaintiff in his November 9, 2022 declaration were associated with his account.[6]  Given that the fact discovery cut-off date is August 18, 2023, Plaintiff will not be prejudiced by this schedule.  (Order, Dkt. No. 69.)  Plaintiff has not shown cognizable impediments to conducting further discovery before the cut-off date to determine whether the crypto transfers from Plaintiff could be traced through destination addresses or otherwise to Iza's account.

## C. Terminating Sanctions Are Not Warranted Under the Court's Inherent Authority

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either (1) a willful violation of a court order; or (2) bad faith." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).  Moreover, using civil procedures, a court acting under its inherent authority may impose only compensatory or remedial sanctions under a "but for" causation standard.  In other words, a sanction "must be limited to

---

[6]  At oral argument, Plaintiff requested that the court order Coinbase to produce the destination addresses associated with Iza's Coinbase account.  As the court stated on the record, it is not the court's role to conduct discovery on behalf of any party.  Moreover, Coinbase was not a party to the motion for terminating sanctions and was not represented at the hearing. Nothing in this Report precludes Plaintiff from conducting further discovery from Coinbase.

compensating for the specific harm" caused by the misconduct. *Id.*

The court does not find a willful violation of a court order. *Fink*, 239 F.3d at 993 (court "may not sanction mere 'inadvertent' conduct" under its inherent authority). For the same reasons described above, the court declines to find bad faith. Moreover, as discussed above, Plaintiff has not shown that terminating sanctions would compensate for any specific harm caused by Defendants' alleged discovery misconduct.

**III.**

**RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) accepting this Report and Recommendation; and (2) deny Plaintiff's motion for terminating sanctions.

By separate order, the court will order Defendants to confirm that their document production in response to the November 4, 2022 Order is complete and, if not, to complete production within 14 days after entry of this report and recommendation. Specifically, defense counsel should confirm that Iza identified destination addresses for his Coinbase account and ascertained whether the destination addresses identified by Plaintiff in his November 9, 2022 declaration were associated with his account.

DATED: April 19, 2023

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

12